UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENI RIEGER individually, and on behalf of a class of similarly situated individuals,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., et al.,<br><br>　　　　　Defendants. | DOCKET NO. 21-10546<br><br>**ORDER TO SHOW CAUSE** |

**HILLMAN**, District Judge

　　WHEREAS, Plaintiff filed a complaint stating that this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(d)(2), the Class Action Fairness Act ("CAFA"), which provides, in relevant part, that "district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . (A) any member of a class of plaintiffs is a citizen of a State different from any defendant;"[1] and

　　WHEREAS, this Court recognizes only minimal diversity is required because Plaintiff is asserting jurisdiction based on

---

[1] Another jurisdictional requirement under CAFA is that the proposed class contains at least 100 members. 28 U.S.C. 1332(d)(6). Plaintiff claims that the proposed class will have more than 100 members and the amount in controversy exceeds $5,000,000. (ECF No. 1 ¶¶ 39, 138.)

CAFA;[2] but

WHEREAS, the complaint has not properly alleged the citizenship of any Defendant.[3]  Accordingly, this Court is unable to determine whether subject matter jurisdiction is proper; and

WHEREAS, federal courts have an independent obligation to address issues of subject matter jurisdiction sua sponte and may do so at any stage of the litigation, Zambelli Fireworks Mfg. Co. v. Wood, 592 F.3d 412, 418 (3d Cir. 2010); Lincoln Ben. Life Co. v. AEI Life, LLC, 800 F.3d 99, 104 (3d Cir. 2015) (citations omitted) ("The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions 'between . . . citizens of different States' where the amount in controversy exceeds $75,000.  For over two hundred years, the statute has been understood as requiring complete diversity between all plaintiffs and all defendants, even though only minimal diversity is constitutionally required. This means that, unless

---

[2] The Court finds Plaintiff's allegations in paragraph 38 of the complaint misstate the applicable law under 28 U.S.C. 1332(d). The relevant inquiry is focused on where the parties are *citizens*, not the home state of the parties, to determine whether there is minimal diversity between the parties. 28 U.S.C. 1332(d)(2) ("The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant.").

[3] The complaint has properly pleaded that Plaintiff is a citizen of Nevada.

there is some other basis for jurisdiction, no plaintiff [may] be a citizen of the same state as any defendant."); and

WHEREAS, parties may not confer subject matter jurisdiction by consent, <u>Samuel-Bassett v. KIA Motors America, Inc.</u>, 357 F.3d 392, 396 (3d Cir. 2004); and

WHEREAS for Defendant Volkswagen Group of America, Inc. ("Defendant VWGoA"), the complaint avers that "Defendant VWGoA is a New Jersey corporation with its headquarters at 220 Ferdinand Porsche Drive, Herndon, Virginia 20171;" and

WHEREAS, for Defendant Volkswagen AG, the complaint avers that "Defendant Volkswagen AG is a German corporation headquartered in Wolfsburg, Germany;" and

WHEREAS, for Defendant Audi AG, the complaint avers that "Defendant Audi AG is a foreign corporation located at Auto-Union Str. 2 D-85945, Ingolstadt, Germany;" but

WHEREAS, for a corporate party, the complaint must identify its state of incorporation and its principal place of business, <u>see</u> 28 U.S.C. § 1332(c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."); <u>S. Freedman & Co., Inc. v. Raab</u>, 180 F. App'x 316, 320 (3d Cir. 2006) (explaining that "[i]n order to adequately establish diversity jurisdiction, a complaint must set forth with specificity a corporate party's state of incorporation and its principal place of business," and

3

affirming dismissal of complaint alleging that corporation maintained "a principal place of business," rather than "its principal place of business");[4]

THEREFORE,

IT IS HEREBY on this 4th day of May, 2021

ORDERED that Plaintiff shall have fifteen (15) days to amend her complaint to properly comply with 28 U.S.C. § 1332. If Plaintiff fails to do so, this case will be dismissed for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(h)(3).[5]

Date: May 4, 2021                s/ Noel L. Hillman
At Camden, New Jersey            NOEL L. HILLMAN, U.S.D.J.

---

[4] A corporation's headquarters is not necessarily that corporation's principal place of business, or "nerve center." see Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010) (concluding "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's 'nerve center.' And in practice it should normally be the place where the corporation maintains its headquarters - provided that the headquarters is the actual center of direction, control, and coordination, i.e., the "nerve center," and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)").

[5] Even though Plaintiff asserts a federal claim, Plaintiff does not invoke federal question jurisdiction.  Moreover, the Court questions the viability of jurisdiction under 28 U.S.C. § 1331 in light of the Court's holding in Powell v. Subaru of Am., Inc., No. 19-19114, 2020 U.S. Dist. LEXIS 220096, at *52 (D.N.J. Nov. 24, 2020) (finding the Court lacked subject matter jurisdiction over plaintiff's Magnuson-Moss Warranty Act claims where the complaint failed to contain 100 named plaintiffs).