# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JENI RIEGER, ALOHA DAVIS, JODIE CHAPMAN, CARRIE VASSEL, KAREN BURNAUGH, TOM GARDEN, ADA and ANGELI GOZON, HERNAN A. GONZALEZ, CLYDIENE FRANCIS, PETER and GUNNEL LOWEGARD, and GRANT BRADLEY individually, and on behalf of a class of similarly situated individuals,<br><br>            Plaintiffs,<br><br>v.<br><br>VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey corporation, d/b/a AUDI OF AMERICA, INC., AUDI AG, a German corporation, and VOLKSWAGEN AG, a German corporation,<br><br>            Defendants. | Civil Action No.:<br>1:21-cv-10546-NLH-MJS<br><br><br>Motion Date: February 22, 2022<br><br>*ELECTRONICALLY FILED*<br><br>**ORAL ARGUMENT REQUESTED** |

# DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' CONSOLIDATED CLASS ACTION COMPLAINT

# **TABLE OF CONTENTS**

**Page(s)**

TABLE OF AUTHORITIES ...................................................................... iii

ARGUMENT ............................................................................................1

I.  Plaintiffs' Impermissible Group Pleading Warrants Dismissal ...............1

II.  No Standing to Assert Claims for Persons/Entities in Non-Plaintiff States..............................................................................................1

III.  Plaintiff Gunnel Lowegard Lacks Art. III Standing..................................1

IV.  Dismissal of Plaintiffs' Express Warranty Claims....................................2

   A.  Design Defects Not Covered ..............................................................2

   B.  Untimely Express Warranty Claims ...................................................4

   C.  No Presentation During the Warranty Period....................................5

   D.  The NVLWs Are Not Unconscionable...............................................6

V.  Dismissal of Plaintiffs' Implied Warranty and Song-Beverly Claims......8

   A.  Statute of Limitations........................................................................8

   B.  Implied Warranty Claims Fail Under NVLW's Terms .....................9

   C.  No Privity .........................................................................................9

   D.  Failure to Establish Unmerchantability ...........................................11

   E.  MMWA ............................................................................................12

VI.  Dismissal of Plaintiffs' Common Law and Statutory Fraud Claims ......12

   A.  No Actionable Affirmative Misrepresentation ................................12

   B.  No Pre-Sale Knowledge..................................................................13

   C.  No Duty to Disclose........................................................................15

i

D.    No Reliance/Causation ....................................................16

E.    Economic Loss Rule ......................................................17

F.    LA PLA and Common Law Fraud .................................18

G.    NJ & MN Statutory Claims .........................................18

H.    TX and PA Common Law Fraud Claims .......................19

I.    GA FBPA Class Claims and GUDTPA Claim................19

VII.    Dismissal of Plaintiffs' Equitable Relief Claims ..................20

A.    No Art. III Standing for Injunctive Relief .....................20

B.    Adequate Legal Remedy...............................................21

C.    Unjust Enrichment .......................................................22

CONCLUSION ....................................................................23

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aberin v. Am. Honda Motor Co., Inc.*,
  2018 WL 1473085 (N.D. Cal. Mar. 26, 2018) ....................................................4

*Abraham v. Volkswagen of America, Inc.*,
  795 F.2d 238 (2d Cir. 1986) ...................................................................6

*Alban v. BMW*,
  2011 WL 900114 (D.N.J. Mar. 15, 2011) .........................................................7

*Allen v. G.D. Searle & Co.*,
  708 F. Supp. 1142 (D. Or. 1989) ..............................................................11

*Amato v. Subaru of Am., Inc.*,
  2019 WL 6607148 (D.N.J. Dec. 5, 2019)........................................................3, 7

*Argabright v. Rheem Mfg Co.*,
  201 F. Supp. 3d 578 (D.N.J. 2016)..............................................................7

*Atl. Specialty Ins. Co. v. Caterpillar Inc.*,
  2021 WL 4845771 (E.D. La. Oct. 18, 2021) .....................................................8

*Block v. Jaguar Land Rover N. Am., LLC*,
  2017 WL 902860 (D.N.J. Mar. 7, 2017) .........................................................5

*Bruce Martin Constr., Inc. v. CTB, Inc.*,
  735 F.3d 750 (8th Cir. 2013) ...................................................................3

*Cabebe v. Nissan of N. Am., Inc.*,
  2018 WL 5617732 (N.D. Cal. Oct. 26, 2018) ...................................................16

*Cannon v. Ashburn Corp.*,
  2016 WL 7130913 (D.N.J. Dec. 7, 2016)........................................................18

*Carlson v. Gen. Motors Corp.*,
  883 F.2d 287 (4th Cir. 1989) ...................................................................7

*Coba v. Ford Motor Co.*,
  932 F.3d 114 (3d Cir. 2019) ...............................................................2, 3

*Connick v. Suzuki Mot. Co*,
  174 Ill.2d 482 (1996) ...................................................................15

*Cummings v. FCA US LLC*,
  401 F. Supp. 3d 288 (N.D.N.Y. 2019)...................................................4

*Daugherty v. Amer. Honda Motor Co.*,
  144 Cal. App. 4th 824 (2006) ...........................................................7

*Davidson v. Kimberly-Clark Corp.*,
  889 F.3d 956 (9th Cir. 2018) .............................................................20

*Davis v. Homasote Co.*,
  574 P.2d 1116 (Or. 1978) ................................................................11

*Davis v. Wells Fargo*,
  824 F.3d 333 (3d Cir. 2016) ..............................................................1

*DeFillippo v. Whirlpool Corp.*,
  2019 WL 4127162 (D.N.J. Aug. 30, 2019) ....................................6, 7

*Drobnak v. Andersen Corp.*,
  561 F.3d 778 (8th Cir. 2009) .............................................................18

*Duquesne Light Co. v. Westinghouse Elec. Corp.*,
  66 F.3d 604 (3d Cir. 1995) ........................................................6, 7, 16

*Fuller v. Marinemax*,
  2020 WL 3266195 (S.D. Fla. Mar. 10, 2020) ...................................10

*George v. Jaguar Land Rover N. Am. LLC*,
  2021 WL 5195788 (D.N.J. Nov. 8, 2021) ..........................................12

*Gisairo v. Lenovo (U.S.)*,
  516 F. Supp. 3d 880 (D. Minn. 2021).................................................19

*Glass v. BMW of N. Am., LLC*,
  2011 WL 6887721 (D.N.J. Dec. 29, 2011) ..............................8, 11, 17

*Global Quest, LLC v. Horizon Yachts, Inc.*,
   849 F.3d 1022 (11th Cir 2017) .............................................................10

*Granillo v. FCA*,
   2016 WL 9405772 (D.N.J. Aug. 29, 2016) ...........................................21

*Hupp Corp. v. Metered Washer Serv.*,
   472 P.2d 816 (Or. 1970) ......................................................................11

*In re Bridgestone*,
   153 F. Supp. 2d 935 (S.D. Ind. 2001)..................................................21

*In re Caterpillar, Inc.*,
   2015 WL 4591236 (D.N.J. July 29, 2015) ............................................7

*In re Chinese Mfg. Drywall*,
   2019 WL 1057003 (E.D. La. March 6, 2019) ........................................8

*In re Effexor Antitrust Litig.*,
   357 F. Supp. 3d 363 (D.N.J. 2018).......................................................19

*In re FCA US LLC Monostable Elec. Gearshift Litig.*,
   355 F. Supp. 3d 582 (E.D. Mich. 2018) ...............................................11

*In re Ford MyTouch*,
   46 F. Supp. 3d 936 (N.D. Cal. 2014)....................................................12

*In re Ford Tailgate Litig.*,
   2014 WL 3899545 (N.D. Cal. Aug. 8, 2014) ........................................22

*In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Liab. Litig.*,
   903 F.3d 278 (3d Cir. 2018) ...........................................................20, 21

*In re Rust-Oleum Restore*,
   155 F. Supp. 3d 772 (N.D. Ill. 2016)....................................................10

*In re Subaru Battery Drain*,
   2021 WL 1207791 (D.N.J. Mar. 31, 2021) ...........................................21

*Kelly v. Lee County RV Sales Co.*,
   819 F. App'x 713 (11th Cir. 2020)........................................................10

*Matanky v. GM LLC*,
370 F. Supp. 3d 772 (E.D. Mich. Mar. 29, 2019)......................................2, 10, 20

*McCabe v. Daimler AG*,
160 F. Supp. 3d 1337 (N.D. Ga. 2015)..............................................................15

*McNair v. Synapse Group Inc.*,
672 F.3d 213 (3d Cir. 2012) .......................................................................20, 21

*Myers v. BMW*,
2016 WL 5897740 (N.D. Cal. Oct. 11, 2016) ....................................................14

*O'Neal v. Middletown Twp.*,
2019 WL 77066 (D.N.J. Jan. 2, 2019)...........................................................9, 17

*Philips v. Ford Motor Co.*,
726 F. App'x 608 (9th Cir. 2018) .....................................................................21

*Ponzio v. Mercedes-Benz USA, LLC*,
447 F. Supp. 3d 194 (D.N.J. 2020)...........................................................1, 5, 14

*Powell v. Subaru of Am., Inc.*,
502 F. Supp. 3d 856 (D.N.J. 2020)..............................................1, 4, 10, 12, 14

*Regent at Town Center Homeowners' Assn v. Oxbow Constr., LLC*,
419 P.3d 702, 2018 WL 2431690 (Nev. 2018) .................................................10

*Rivera v. Ford Mot. Co.*,
2017 WL 3485815 (E.D. Mich. Aug. 15, 2017)................................................16

*Rollolazo v. BMW*,
2017 WL 6888501 (C.D. Cal. May 2, 2017)................................................3, 4, 5

*Sanchez-Knutson v. Ford Motor Co.*,
52 F. Supp. 3d 1223 (S.D. Fla. 2013) ................................................................9

*Scattaglia v. Mercedes-Benz USA, LLC*,
2021 WL 5918475 (D.N.J. Dec. 15, 2021)..........................................................3

*Smith v. Ethicon Inc.*,
2021 WL 3578681 (D. Or. May 13, 2021).........................................................11

*Suriaga v. Gen. Elec. Co.*,
    2019 WL 6799613 (D.N.J. Dec. 12, 2019) ............................................................5

*Taylor v. BMW of N. Am.*,
    LLC, 2021 WL 1186777 (D.N.J. Mar. 29, 2021) ...........................................6, 7

*Terrill v. Electrolux Home Prod., Inc.*,
    753 F. Supp. 2d 1272 (S.D. Ga. 2010) ..............................................................22

*Tershakovec v. Ford Motor Co.*,
    2018 WL 3405245 (S.D. Fla. July 12, 2018) ....................................................11

*TransPetrol, Ltd. v. Radulovic*,
    764 So.2d 878 (Fla. Dist. Ct. App. 2000) .........................................................15

*Troup v. Toyota Motor Corp.*,
    545 Fed. App'x. 668 (9th Cir. 2013) ...................................................................3

*Watkins v. DineEquity, Inc.*,
    591 F. App'x 132 (3d Cir. 2014) .......................................................................18

*Weiss v. Gen. Motors LLC*,
    418 F. Supp. 3d 1173 (S.D. Fla. 2019) ...............................................................9

## Statutes

Motor Vehicle Safety Act .........................................................................................21

## Other Authorities

Fed. R. Civ. P. 8 .........................................................................................................1

Fed. R. Civ. P. 9(b) ................................................................................1, 12, 16, 23

Fed. R. Civ. P. 12(b)(1) ....................................................................................1, 23

Fed. R. Civ. P. 12(b)(6) ...........................................................................................23

# ARGUMENT

## I.  Plaintiffs' Impermissible Group Pleading Warrants Dismissal

Contrary to Plaintiffs' argument, the CAC uniformly relies upon "group" allegations attributing virtually every alleged act, omission, and claim on "VW" or "Defendants" collectively, in violation of Rules 8 and 9(b) (MTD at 5).

## II.  No Standing to Assert Claims for Persons/Entities in Non-Plaintiff States

In response to VWGoA's showing (MTD at 7-8), Plaintiffs argue an entirely unrelated issue of whether they have standing to assert claims for vehicles they did not purchase (Opp. at 6-7). That issue, which *Powell* and *Cox* addressed, is not the standing issue raised here, nor is their other issue of whether unnamed putative class members need not establish standing (id.). The issue here, as held in *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 222 (D.N.J. 2020), is that these Plaintiffs lack Art. III standing to assert representative claims on behalf of putative class members who reside/purchased their vehicles in non-Plaintiffs' states.

## III.  Plaintiff Gunnel Lowegard Lacks Art. III Standing

Gunnel Lowegard does not dispute that she was not the purchaser of the subject vehicle. It is, thus, gamesmanship for her to argue that the Court should not consider the purchase agreement (Pritzl Dec., Ex. F). which confirms what she already knows to be true (Opp. at 10). In any event, Third Circuit law is clear that the Court may consider such materials when a defendant, as here, raises a jurisdictional "factual" challenge to Article III standing under Rule 12(b)(1). *Davis*

1

*v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (a "factual" attack to jurisdiction for lack of Article III standing permits defendants to attack "the factual allegations underlying the complaint's assertion of jurisdiction" by submission of evidence, and "the court is free to weigh the evidence and satisfy itself as to the existence of [standing]").

## IV.    <u>Dismissal of Plaintiffs' Express Warranty Claims</u>

**A. <u>Design Defects Not Covered</u> -** Plaintiffs argue that the law recognizes "no distinction between a design defect and a defect in workmanship" (Opp. at 11). However, courts everywhere, including the Third Circuit, have recognized that design defects are not covered under "materials and workmanship" warranties such as the NVLWs here. *Coba v. Ford Motor Co*., 932 F.3d 114, 121 (3d Cir. 2019) ("The plain and ordinary meaning of the term 'defect[s] in materials or workmanship'…unambiguously excludes 'design' defects"). Indeed, "the overwhelming weight of state law authority holds that design defects are *not* covered" under material or workmanship warranties. *Matanky v. GM LLC*, 370 F. Supp. 3d 772, 788 (E.D. Mich. Mar. 29, 2019),[1] and accordingly, courts routinely dismiss claims for breach of a "materials and workmanship" warranty at the pleading stage where, as here, a plaintiff alleges a design defect. MTD 9-11;

---

[1] The cases cited by Plaintiffs (Opp. at 11-12) are pre-*Coba* and otherwise against the overwhelming weight of recent authority (MTD 9-11).

*Scattaglia v. Mercedes-Benz USA, LLC*, 2021 WL 5918475, at *11 (D.N.J. Dec. 15, 2021); *Bruce Martin Constr., Inc. v. CTB, Inc*., 735 F.3d 750, 753–54 (8th Cir. 2013); *Troup v. Toyota Motor Corp.,* 545 Fed. App'x. 668, 668 (9th Cir. 2013).

Plaintiffs' argument that they adequately alleged a "defect in materials and workmanship" ignores their own claim that a common purported defect exists in **all** putative class vehicles because "the material used in the piston—cast aluminum—expands when heated," allegedly causing a risk that the piston rings could crack or splinter from engine heat and pressure (Opp. at 13). This is a textbook *design* defect claim - that the "overall *plan* of construction and operation" (design) of the piston components in all putative class vehicles is defective. *Coba*, 930 F.3d at 183. The CAC does not allege that any materials or manufacturing processes used for a particular vehicle "departed from [the] intended design" of all such vehicles. *Amato v. Subaru of Am., Inc.*, 2019 WL 6607148, at *6 (D.N.J. Dec. 5, 2019) (claim that defendant chose to manufacture pistons and other components with allegedly inferior materials in all putative class vehicles was a design defect claim); *Rollolazo v. BMW*, 2017 WL 6888501, at *8 (C.D. Cal. May 2, 2017). And the mere insertion of conclusory buzz-words, "manufacturing and/or workmanship," does not alter Plaintiffs' claim from that of a design defect (CAC ¶ 186-187; MTD at 10).[2]

---

[2] Plaintiffs' conclusory allegation that manufacturing specifications for all putative class vehicles were imprecise, similarly constitutes a design defect claim. The

Finally, Plaintiffs' throwaway argument that a NVLW "fails of its essential purpose" for not covering design defects has no validity (Opp. at 15). Plaintiffs cite no authority supporting such a proposition because courts have universally rejected it. *See Aberin v. Am. Honda Motor Co., Inc.*, 2018 WL 1473085, at \*7 (N.D. Cal. Mar. 26, 2018) (rejecting argument that warranty failed its essential purpose because it did not cover design defects, and dismissing express warranty claim accordingly); *Rollolazo*, 2017 WL 6888501, at \*10 (same); *Cummings v. FCA US LLC*, 401 F. Supp. 3d 288, 315 (N.D.N.Y. 2019) (same).

**B. <u>Untimely Express Warranty Claims</u> -** Plaintiffs do not dispute that this action was filed after the applicable express warranty statutes of limitation expired for Plaintiffs Vassel (IL), Garden (MN), the Gozons (NV), Gonzalez (NJ), Francis (PA), Hensley (PA), the Lowegards (TX), and Bradley (OR).

Plaintiffs' argument for a "fraudulent concealment" tolling lacks merit. First, Plaintiff Vassel indisputably purchased her vehicle after the warranty limitations period had already expired, so there was nothing extant to toll (MTD at 12-13). Second, as to all Plaintiffs, it is well-settled law that mere non-disclosure is

---

absence of specific allegations of "manufacturing" or "workmanship" flaws here distinguishes this case from *Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 883 (D.N.J. 2020), which involved specific allegations impugning the manner in which Plaintiffs' windshields were installed, and from the other cases Plaintiffs cite (Opp. at 13-14) involving similar added "manufacturing flaw" claims.

insufficient to invoke a fraudulent concealment toll, and Plaintiffs fail to plead the required facts showing that Defendant took "affirmative and active steps" to conceal the cause of action from any Plaintiff (Id. at 13-14).[3] The allegations cited by Plaintiffs merely constitute a description of dealerships performing various maintenance and/or repairs on Plaintiffs' vehicles, cobbled together with wholly conclusory allegations that are bereft of any supporting facts (Opp. at 17). And finally, Plaintiffs' assertion that VWGoA "fail[ed] to issue a NHTSA-required public service bulletin" (*Id.*) amounts, at most, to mere non-disclosure, and is also a complete fabrication since Plaintiffs plead no facts establishing the NHTSA ever required VWGoA to issue such a bulletin. *Ponzio*, 447 F. Supp. 3d at 251.[4]

**C. <u>No Presentation During the Warranty Period</u>** - Plaintiffs do not dispute that (i) their vehicles' NVLWs cover only the repair of certain defects in materials

---

[3] Plaintiffs' argument that NJ law state law should apply to the timeliness of their claims (Opp. at 16 n. 5) has no validity and contradicts their own pleading in which they assert claims under their respective states' laws (*e.g.,* CAC ¶¶ 337, 473, 587, 643, 712, 791, 852, 912). Moreover, even under NJ law, a fraudulent concealment tolling cannot be based upon mere non-disclosure. *Suriaga v. Gen. Elec. Co.*, 2019 WL 6799613, at *3-4 (D.N.J. Dec. 12, 2019); *Block v. Jaguar Land Rover N. Am., LLC*, 2017 WL 902860, at *3 (D.N.J. Mar. 7, 2017).

[4] *In re Volkswagen Timing Chain* and *Opheim* involved entirely different vehicle systems and alleged facts, and much more detailed fact allegations than those involved here. And to the extent they permitted a fraudulent concealment toll to be based upon mere non-disclosure, we respectfully submit that they depart from other decisions in this district and throughout the country. MTD at 13; *Suriaga*, 2019 WL 6799613, at *3-4 (D.N.J. Dec. 12, 2019); *Block*, 2017 WL 902860, at *3.

and workmanship during a 4-year/50,000-mile warranty period, and (ii) Vassel, Garden, the Gozons, Gonzalez, Francis, Hensley, and the Lowegards did not experience an alleged piston or oil consumption issue, nor did they present their vehicles for repair, during that warranty period (Opp. at 18). The opposition merely addresses allegations about different Plaintiffs (CAC ¶ 22 (Reiger), ¶ 33 (Davis) ¶¶ 160-161 (Bradley)), or other general allegations that do not concern these Plaintiffs (¶¶ 273, 341, 477, 591, 647, 716, 754, 795, 856 & 916).

**D. The NVLWs Are Not Unconscionable -** Plaintiffs' unconscionability claim is based solely upon conclusory allegations that VWGoA concealed a defect that might manifest after the warranty period. However, the law is clear that "knowledge of a defect does not render a warranty unconscionable," MTD at 19; *Taylor v. BMW of N. Am.*, LLC, 2021 WL 1186777, at *9 (D.N.J. Mar. 29, 2021), nor does alleged knowledge that a component may fail after the warranty period expires. *Id.; DeFillippo v. Whirlpool Corp.*, 2019 WL 4127162, at *10 (D.N.J. Aug. 30, 2019) (Hillman, J.) (allegations that defendant knew that defect in refrigerator component would corrode and impair proper cooling were insufficient to plead that one-year limited warranty period was unconscionable); *Abraham v. Volkswagen of America, Inc.*, 795 F.2d 238, 250 (2d Cir. 1986) ("A rule that would make failure of a part actionable based on such 'knowledge' [of an alleged 'latent defect'] would render meaningless the time/mileage limitations in warranty coverage"); *Duquesne*

*Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604 (3d Cir. 1995); *Daugherty v. Amer. Honda Motor Co.*, 144 Cal. App. 4th 824, 830-31 (2006) (same).

Plaintiffs rely on *Skeen v. BMW* and several cases that followed its reasoning (Opp. at 19-20), but as numerous courts have correctly found, such reasoning is inconsistent with the Third Circuit's holdings in *Duquesne* and *Werwinksi* that allegations of a defendants' knowledge of a defect are insufficient to plead unconscionability. *DeFillippo*, 2019 WL 4127162, at *10 (citing *Argabright v. Rheem Mfg Co.*, 201 F. Supp. 3d 578, 595-98 (D.N.J. 2016)); *Taylor*, 2021 WL 1186777, at *11; *Amato*, 2019 WL 6607148 at *10; *In re Caterpillar, Inc.*, 2015 WL 4591236, at *21 (D.N.J. July 29, 2015).[5] Moreover, *Skeen* has also been limited to a defendant's intentional "manipulation" of the warranty period to avoid having to repair a known defect, *Flynn-Murphy*, 2021 WL 5448716, at *6, and the CAC contains no such allegation. Finally, Plaintiffs' generic arguments about "unequal bargaining power" contravene the weight of authority which recognizes the known fact that buyers have multitudes of choices among the countless vehicles and warranties available in the marketplace (MTD at 18).

---

[5] Likewise, the "bare-bones" allegations permitted in *Carlson v. Gen. Motors Corp.*, 883 F.2d 287, 292 (4th Cir. 1989), are no longer permitted in the wake of *Iqbal* and *Twombly*. *See Alban v. BMW*, 2011 WL 900114, at *9 (D.N.J. Mar. 15, 2011).

## V.    Dismissal of Plaintiffs' Implied Warranty and Song-Beverly Claims

    **A. Statute of Limitations** - There is no dispute that this action was not filed within the four-year implied warranty statute of limitations applicable to each Plaintiff's claim (MTD at 20-21).[6] Plaintiffs' argument for a fraudulent concealment tolling (Opp. at 22) fails for the reasons discussed *supra*.

    Additionally, Burnaugh's LA redhibition claim[7] is untimely because she admittedly filed her claim more than two years after she purchased her vehicle. As she also concedes, the one-year "discovery rule" only applies where the defendant "knew of the defect," and Burnaugh has failed to plead facts establishing that VWGoA knew of the alleged defect prior to her purchase (MTD at 35-38; Point VI-B, *infra*). And even if the discovery rule were to apply, the one-year period began when Burnaugh had "constructive" knowledge - "'whatever notice is enough to excite attention and put the injured party on guard or call for inquiry'," *Atl. Specialty*

---

[6] Plaintiffs object to the Pritzl Dec. which confirms the dates that Vassel's and Francis's 2012 model year vehicles were originally sold. But it is nevertheless appropriate for this Court to assume that these 2012 vehicles were sold no later than December 2012 – substantially more than 4-years before this action was filed. *See Glass v. BMW of N. Am., LLC*, 2011 WL 6887721, at *15 n. 21 (D.N.J. Dec. 29, 2011) (assuming that a 2005 MINI Cooper was originally sold in December 2005).

[7] As to dismissal of Burnaugh's LA implied warranty claim, while it is true that some courts differ, the better reasoned approach was followed by *In re Chinese Mfg. Drywall*, 2019 WL 1057003, at *16 (E.D. La. March 6, 2019), which, like numerous other courts, held that the claim must be plead in redhibition because an implied warranty claim requires that plaintiff allege the product to be "free from redhibitory defects," *i.e.*, defects that render it unmerchantable (MTD at 22).

*Ins. Co. v. Caterpillar Inc.*, 2021 WL 4845771, at *5-6 (E.D. La. Oct. 18, 2021) -
which was February 17, 2020, when she complained to a dealer about her vehicle's
low oil consumption (CAC ¶ 74).

      **B. <u>Implied Warranty Claims Fail Under NVLW's Terms</u> -** Plaintiffs'
implied warranty claims fail because they do not dispute (i) the validity of the
NVLWs' limitation of the duration of any implied warranty to the 4-year/50,000-
mile express warranty period, and (2) that Vassel, Burnaugh, Garden, the Gozons,
Gonzalez, Francis, Hensley, and the Lowegards, either purchased their vehicles after
that period expired, or did not experience the alleged piston defect during it (MTD
at 23). Their unconscionability argument fails for the reasons discussed *supra*.

      **C. <u>No Privity</u>** - Plaintiffs Davis (FL), Vassel (IL), the Gozons (NV), and
Bradley (OR), whose applicable laws require privity, do not dispute that they did not
purchase their vehicles from VWGoA. Further, Plaintiffs do not address VWGoA's
showing that the CAC (i) fails to plead facts that establish that Audi dealerships are
the "agents" of VWGoA with respect to those dealers' retail sales/leases of vehicles,
and (ii) fails to establish the elements of any third-party beneficiary privity
exception. MTD at 24-27; *O'Neal v. Middletown Twp.*, 2019 WL 77066, at *3
(D.N.J. Jan. 2, 2019) (arguments not opposed are conceded).

      Davis argues an exception under FL law based on a misplaced reliance upon
*Weiss v. Gen. Motors LLC*, 418 F. Supp. 3d 1173, 1182 (S.D. Fla. 2019). However,

that case followed the reasoning of *Sanchez-Knutson v. Ford Motor Co.*, 52 F. Supp. 3d 1223, 1234 (S.D. Fla. 2013), which this Court explicitly rejected in *Powell*, 502 F. Supp. 3d at 879, when it held that no such exception to privity exists under FL law. And, Plaintiffs clearly fail to plead facts establishing "agency" (MTD 24-25).[8]

Vassel, citing *In re Rust-Oleum Restore*, 155 F. Supp. 3d 772, 807 (N.D. Ill. 2016), tries to construct a so-called "direct dealing" exception under IL law where a "plaintiff relies on written labels or advertisements of a manufacturer" (Opp. at 25). But *Rust-Oleum* is inapplicable because plaintiffs in that case had claimed that they saw and relied upon specific statements in labels and advertisements that the subject paint would "last ten to twelve years." Here, Plaintiffs' allegations of misrepresentation are entirely conclusory, are generic non-actionable "puffery," and are bereft of pleaded facts establishing that Plaintiffs even saw or heard, let alone relied upon, any such statements prior to purchase (MTD at 32-34).

Relying on *Matanky v. GM LLC*, 370 F. Supp. 3d 772, 788 (E.D. Mich. Mar. 29, 2019), the Gozons incorrectly argue that NV law does not require privity (Opp.

---

[8] *Global Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1032 (11th Cir 2017) found otherwise, but *only* because of evidence that the manufacturer's CEO was "directly involved" in the negotiations with plaintiff *and* there was no dispute that the seller was the manufacturer's agent. Neither fact exists here. Moreover, *Kelly v. Lee County RV Sales Co.*, 819 F. App'x 713, 717 (11th Cir. 2020), limited *Global Quest* to its unique facts, rejecting an exception to FL's privity law absent direct manufacturer involvement in plaintiff's purchase or an established "agency." *See also Fuller v. Marinemax*, 2020 WL 3266195, at *3 (S.D. Fla. Mar. 10, 2020).

at 24). But that case ignored controlling precedent, *Regent at Town Center Homeowners' Assn v. Oxbow Constr., LLC*, 419 P.3d 702, 2018 WL 2431690, at *4 (Nev. 2018), which confirmed NV's privity requirement. *See also In re FCA US LLC Monostable Elec. Gearshift Litig.*, 355 F. Supp. 3d 582, 595 (E.D. Mich. 2018).

Bradley (OR) makes a similar argument, but courts have made clear that "there is no exception to the privity requirement under Oregon law." *Tershakovec v. Ford Motor Co.*, 2018 WL 3405245, at *12 (S.D. Fla. July 12, 2018) (relying on *Davis v. Homasote Co.*, 574 P.2d 1116, 1117-18 (Or. 1978) and *Hupp Corp. v. Metered Washer Serv.*, 472 P.2d 816 (1970)). Likewise, Bradley cannot rely upon *Smith v. Ethicon Inc.*, 2021 WL 3578681, at *8 (D. Or. May 13, 2021), which involves a potential exception only for personal injury cases, which this case is not. *See, e.g., Allen v. G.D. Searle & Co.*, 708 F. Supp. 1142, 1159 (D. Or. 1989).

**D. <u>Failure to Establish Unmerchantability</u>** - Stripped of its conclusory allegations, the CAC fails to establish that Plaintiffs' vehicles were unmerchantable at the time of sale. While arguing a hypothetical possible safety issue, all of the Plaintiffs admittedly drove their vehicles for many years and many thousands of miles before allegedly experiencing any problem. No Plaintiff claims to have ever been involved in an accident on account of the alleged defect, and only one Plaintiff (Hensley) claims to have experienced an engine failure, which did not allegedly occur until more than five years and 55,000 miles of problem-free use of the vehicle.

CAC ¶¶ 23-26; *Glass*, 2011 WL 6887721, at *15 (plaintiff who alleged engine failure after five years did not allege unmerchantability at the time of sale).[9]

**E. MMWA -** Gonzalez concedes that his MMWA claim is entirely derivative of state warranty law (Opp. at 30). His failure to establish a valid warranty claim under NJ law (Points IV, V) warrants dismissal of his MMWA claim.

## VI.    Dismissal of Plaintiffs' Common Law and Statutory Fraud Claims

**A. No Actionable Affirmative Misrepresentation -** Plaintiffs do not dispute that the only "affirmative misrepresentation" they allege is a generalized advertising statement that the vehicles are "reliable, easily operable, efficient, and of high quality," and that VWGoA "present[s] itself as a reputable manufacturer" (CAC ¶ 355). This is non-actionable "puffery" (MTD at 32-33), which even the case that Plaintiffs cite confirms. *See In re Ford MyTouch*, 46 F. Supp. 3d 936, 953-54 (N.D. Cal. 2014) (dismissing, as puffery, affirmative misrepresentation claim based on generalized advertisements that the system at issue "would enhance the driving experience, and increase the safety of the vehicle").[10] Moreover, Plaintiffs'

---

[9] Cases like *George v. Jaguar*, 2021 WL 5195788, at *8 (D.N.J. Nov. 8, 2021), involving a wholly speculative assertion that a defect in the "infotainment" system might possibly result in some safety risk, respectfully do not meet the applicable test for unmerchantability, which is whether the vehicle is reasonably fit for its ordinary use (MTD at 28-30).

[10] *Powell*, 502 F. Supp. 3d at 888, is completely different because its complaint identified specific factual representations about the allegedly defective component and systems at issue, rather than only a mere generic "puffery" advertising statement,

opposition points to no allegation in the CAC that, in compliance with Rule 9(b), identifies any specific statement allegedly made by VWGoA, its source and content, when it was made, or even, the date that any Plaintiffs allegedly saw or heard the unidentified statement (other than merely "before purchase") (MTD, 33-35).

**B. No Pre-Sale Knowledge -** Whether viewed individually, or "holistically" as they request (Opp. at 33), Plaintiffs' insufficient allegations do not establish that VWGoA had knowledge of the alleged piston defect prior to any of their purchases:

*First*, Plaintiffs do not address, and thus concede, that anonymous posts on non-VWGoA third-party blogs and internet forums cannot establish that VWGoA had pre-sale knowledge of an alleged defect (MTD at 39-40).

*Second*, Plaintiffs do not dispute that (i) NHTSA complaints made after purchase cannot, as a matter of law, constitute pre-sale knowledge, (ii) only 8 of the anonymous NHTSA complaints are piston-related, and (iii) with respect to almost all of the Plaintiffs, either none of those 8 NHTSA complaints, or only a few of them, out of the "multiple thousands" of putative class vehicles involved, were made *before* his/her purchase:

- <u>None before Purchase</u> - Bradley, Burnaugh, the Gozons, Lowegard, Garden, and Gonzalez
- <u>Only 1 before Purchase</u> - Hensley and Rieger
- <u>Only 4 before Purchase</u> - Davis

as Plaintiffs allege here. The same are true of the specific factual representations alleged in *Timing Chain* and *Azek* (Opp. at 31).

- <u>Only 7 before Purchase</u> - Francis and Vassel
- <u>Only 8 before Purchase</u> - Chapman

Plaintiffs ignore the many supporting authorities showing that even if all 8 complaints had pre-dated every Plaintiff's purchase, that minuscule number does not establish pre-sale knowledge of an alleged systemic defect in these "multiple thousands" of putative class vehicles (MTD at 37-38). And here, for most Plaintiffs, **none,** or for many, one or just a few complaints, pre-dated their purchase.[11]

*Third*, Plaintiffs do not explain how two TSBs which do not relate to the pistons or any related components in any subject vehicle, can establish pre-sale notice of their alleged piston defect. And, not only do these TSB's "not contain the word 'piston'," as Plaintiffs admit (Opp. at 34-35), but they also have nothing at all to do with piston components (MTD at 28-29). Thus, cases such as *Powell*, in which the TSB addressed the "exact defect" being claimed, are inapplicable here.

*Fourth*, Plaintiffs do not explain how their wholly conclusory, unspecified allegations of testing and warranty claims show pre-sale knowledge (MTD, 39-40).[12]

---

[11] In contrast, *Powell* involved over 49 pre-sale NHTSA complaints *and* the additional fact that defendant previously released a TSB *"for the exact defect Plaintiffs allege[d]."* 502 F. Supp. 3d at 889 (emphasis added). The same is true for *Myers v. BMW*, 2016 WL 5897740, at *2 (N.D. Cal. Oct. 11, 2016), where plaintiff identified, in addition to pre-sale NHTSA complaints, a specific "internal training document" by defendant that acknowledged the specific defect that was alleged.

[12] In sharp contrast, Plaintiffs in *Ponzio* (Opp. at 33) identified in detail specific pre-sale procedures defendant used to test the allegedly defective paint on its vehicles.

**C. No Duty to Disclose -** Plaintiffs' opposition misstates the governing law regarding the "duty to disclose":[13]

• Under GA law (Chapman), no duty to disclose exists absent a "confidential or dependent relationship" or direct interaction with defendant (MTD at 42 n. 20). Plaintiff relies on an earlier decision in *McCabe v. Daimler AG* (Opp. at 35-36), as did the court in *Timing Chain*, but that decision misstated GA law and was subsequently corrected. *McCabe*, 160 F. Supp. 3d 1337, 1351 (N.D. Ga. 2015).

• Under IL law (Vassel), a remote vehicle manufacturer has no common-law duty to disclose information to customers who purchase vehicles through authorized dealerships. *Connick v. Suzuki Mot. Co*, 174 Ill.2d 482, 499-501 (1996). Plaintiffs' opposition relies on the wrong holding in *Connick*, relating to the IL statutory claim, but not the right one relating to the common law fraud claim (Opp. at 36).

• NV law (the Gozons) – *Mahlum*, 14 Nev. 1468, 1487 (1998)) holds that absent a direct relationship or transaction with plaintiff, a remote manufacturer has no duty to disclose even known defects. Plaintiffs cannot rely upon *Richey,* 437 F. Supp. 3d

---

[13] While there is no dispute that, in certain states, a duty to disclose may arise from a misleading partial disclosure (CA, MN, NJ, TX), Plaintiffs do not contend that VWGoA made any such partial disclosure (Opp. at 35-37). Further, although a duty may arise in certain states from a defendant's unique knowledge of material facts (CA, LA, MN, WA), Plaintiffs do not allege such pre-sale knowledge as shown *supra*.

835, 848 (D. Nev. 2020), which applied CA law, or *Timing Chain*, which cites neither *Mahlum* nor any NV authority imposing a duty absent a direct transaction.

- FL law (Davis) imposes no duty to disclose absent a "fiduciary or other relation of trust or confidence." *TransPetrol, Ltd. v. Radulovic*, 764 So.2d 878, 880 (Fla. Dist. Ct. App. 2000); *Rivera v. Ford Mot. Co.*, 2017 WL 3485815, at *7 (E.D. Mich. Aug. 15, 2017). Davis argues that *In re Takata* held a duty to disclose to correct a false partial disclosure, but that was because the defendants there, unlike this case, were alleged to have made specific false statements about the very component (the airbags) at issue in the case, and not merely the type of generalized puffery statements alleged here. *Takata* 2016 WL 11662171, at *6.

- PA law (Francis & Henley) requires a fiduciary relationship or direct transaction to give rise to a duty to disclose. *Duquesne Light Co. v. Westinghouse Elec. Corp.*, 66 F.3d 604 (3d Cir. 1995); *Cabebe v. Nissan of N. Am., Inc.*, 2018 WL 5617732, at *9-10 (N.D. Cal. Oct. 26, 2018) (same). While *Golf Partners* states in dictum that a duty might also arise from superior knowledge or a partial misleading representation (Opp. at 36), that case involved parties engaged in a direct transaction, and even there, the court found no duty to disclose.[14]

   **D. No Reliance/Causation** - Plaintiffs' argument that Rule 9(b) is "relaxed"

---

[14] To the extent *Timing Chain* and *MyFord Touch* stated that PA also recognizes superior knowledge, we respectfully submit that PA law is to the contrary.

for omissions claims (Opp. at 38) ignores that they still must plead basic facts, not mere conclusions, to establish causation and/or reliance upon the alleged omission. In order to "properly plead a causal nexus with the particularity required by Rule 9(b)," Plaintiffs were required to plead facts showing that prior to purchase, they viewed or heard a statement by Defendant that should have contained the allegedly omitted information. *Glass*, 2011 WL 6887721, at *12. Thus, it is insufficient for the CAC, as Plaintiffs argue, to merely plead that VWGoA hypothetically could have disclosed information via some unarticulated "information channel." And, since the dispositive facts as to what, if anything, Plaintiffs viewed or relied upon "are uniquely within [their] control," discovery will not "enable Plaintiffs to allege reliance on these statements with any additional specificity." *Id.*, at *12.[15]

**E.  Economic Loss Rule** - Ignoring that their common law fraud claims are barred under the economic loss rules of CA, FL, IL, and PA (MTD at 47-48), Plaintiffs cite only cases decided under different states' laws that do not apply to their claims (Opp. at 43-44).[16]

---

[15] Plaintiffs have no legitimate response to VWGoA's showing that omission claims of this nature cannot be based on a regulated "Monroney" window label that is not supposed to contain such information (MTD at 46-47). They cite no instance in which this has ever occurred, and instead, merely refer to a single, completely inapplicable instance, **not involving a Monroney label**, where GM issued a sticker **for already-sold vehicles that were serviced pursuant to a battery recall**, for the purpose of informing parking attendants that the recall was performed (Opp. at 42).

[16] *R. Keating & Sons* (Opp. at 44) applied DE law and is thus inapplicable.

**F. LA PLA and Common Law Fraud -** Plaintiff Burnaugh does not oppose, and therefore concedes, VWGoA's showing that she fails to state a claim under the LPLA and for common law fraud. MTD 52-54; *O'Neal*, 2019 WL 77066, at *3.

**G. NJ & MN Statutory Claims-** Plaintiff Gonzalez's NJ TCCWNA claim fails because he has not alleged that any VWGoA contract or warranty includes a provision that is illegal, as TCCWNA requires. MTD at 49; *Watkins v. DineEquity, Inc.*, 591 F. App'x 132, 135 (3d Cir. 2014). There is no merit to Plaintiff's argument that his NJCFA allegations, premised solely upon alleged non-disclosure, also state a TCCWNA claim (Opp. at 45). CAC ¶ 705; *Cannon v. Ashburn Corp.*, 2016 WL 7130913, at *11 (D.N.J. Dec. 7, 2016) (dismissing claim based on fraudulent conduct because the TCCWNA only concerns "the actual terms and provisions included in consumer contracts, rather than the conduct of parties"). The three cases that Plaintiffs cite do not even address the relevant issue.[17]

Plaintiff Garden has not plead the factual requisites for a fraudulent concealment tolling of his untimely MN CFA and DTPA claims. He has not alleged an affirmative act by VWGoA that (i) concealed a potential cause of action and (ii) was *specifically directed to him*, as required by MN law. MTD at 50; *Drobnak v.*

---

[17] While alleging ascertainable loss based on "cost of repair," Gonzalez' entire NJCFA claim should be dismissed for failure to allege an actionable misrepresentation, pre-sale knowledge, and causation (MTD Points VI-A, B & D).

*Andersen Corp.*, 561 F.3d 778, 786 (8th Cir. 2009). None the cases he cites even applied a fraudulent concealment toll under MN law (Opp. at 46).

Garden's MN DTPA claim also fails because it seeks only damages, which are not available under the statute (MTD at 50; CAC ¶¶ 559-81). His argument that damages are available under MN's private attorney general statute (Minn. Stat. § 8.31) fails because it is neither plead in the CAC, nor accepted by MN courts where, as here, the DTPA claim does not seek injunctive relief (CAC ¶¶ 580-81); *Gisairo v. Lenovo (U.S.)*, 516 F. Supp. 3d 880, 889-90 (D. Minn. 2021).

**H. TX and PA Common Law Fraud Claims -** The Lowegards concede that TX law does not recognize a cause of action for fraudulent concealment (Opp. at 47-48). Their argument that VWGoA "failed to challenge" their affirmative misrepresentation claim is baseless (*see* MTD Point VI-A), and since they fail to state an actionable misrepresentation, they are left solely with a fraudulent concealment claim that is, admittedly, not permitted under TX law.

Plaintiffs Francis and Hensley admittedly lacked the direct relationship with VWGoA required under PA law (MTD at 51), and their argument that PA law allows "superior knowledge" in the absence of a direct relationship (Opp. at 48) is not supported by the cases they cite (see Point VI-C, *supra*).

**I. GA FBPA Class Claims and GUDTPA Claim** - Plaintiff Chapman argues that the GA FBPA's class action bar is "not applicable to cases in federal court"

because it is procedural in nature (Opp. at 49). However, this district has joined the "majority of district and circuit courts" which hold such consumer class action bars to be substantive, precisely because they "define the scope of that [state-created] right or remedy." *In re Effexor Antitrust Litig.*, 357 F. Supp. 3d 363, 387 (D.N.J. 2018) (enforcing substantively identical class action bar under TN CPL); *see also Matanky*, 370 F. Supp. 3d at 798 (same, GA FBPA) (MTD at 51-52).[18]

## VII.  Dismissal of Plaintiffs' Equitable Relief Claims

A. No Art. III Standing for Injunctive Relief - While not disputing the requirement to plead a future injury that is both concrete and imminent, Plaintiffs argue that VWGoA only challenged standing to enjoin "false advertising and labeling" (Opp. at 53 n. 18). This is demonstrably false; VWGoA challenged Plaintiffs' lack of standing to assert *any* of their injunctive relief claims (MTD at 56-57). In any event, Plaintiffs clearly lack standing for their primary request to enjoin "Defendants from further deceptive …practices" because, under controlling Third Circuit authority, a previously deceived plaintiff cannot allege they will be deceived again in the future, and thus cannot plausibly allege future harm. *See In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Pracs. & Liab. Litig.,* 903 F.3d 278, 293 (3d Cir. 2018) *(citing McNair v. Synapse Group Inc.*, 672 F.3d 213, 223 (3d Cir.

---

[18] As to the GUDTPA claim, Chapman concedes the statute provides only injunctive relief, but fails to establish Article III standing to seek such relief or even to establish the imminent future harm that GUDTPA requires (MTD at 52; Point VII-A *infra*).

2012)) (MTD at 56-57).

Plaintiffs' argument that they satisfied the reasoning of *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 969 (9th Cir. 2018) (Opp. at 54) is misplaced, because the Third Circuit and other courts "have squarely rejected *Davidson's* reasoning" with respect to Art. III standing. *In re Subaru Battery Drain*, 2021 WL 1207791, at *31 (D.N.J. Mar. 31, 2021) (citing *Johnson & Johnson* and *McNair* supra). Finally, Plaintiffs' conclusory allegation that "[w]hen VW did attempt repairs, it merely replaced the defective pistons with similarly defective pistons" (CAC ¶ 207), at most, alleges past injury, and not a concrete and imminent threat of future injury to any Plaintiff.[19]

B.  **Adequate Legal Remedy** - The CAC indisputably fails to allege that Plaintiffs lack an adequate legal remedy, the basic essential requirement for any

---

[19] Additionally, Plaintiffs' request for a court-ordered recall is preempted by the Safety Act (MTD at 59). While arguing that they seek a "voluntary" recall, they request that the court order it, and voluntary recalls are within the explicit purview of the Safety Act. *Granillo v. FCA*, 2016 WL 9405772, at *20 (D.N.J. Aug. 29, 2016) (MTD at 59). The CA cases Plaintiffs cite (Opp. 57-58) applied a "presumption against preemption," but that exists only when, unlike here, the issue is *not* one "where there has been significant federal presence" but, instead, one which "States have traditionally occupied." As other courts have correctly held, such a presumption does not apply to vehicle safety recalls, which are specifically governed by the Safety Act and supervised and enforced by the NHTSA. "[S]tates have never assumed a significant role in recalls related to vehicle safety." *See* MTD at 59 and *In re Bridgestone*, 153 F. Supp. 2d 935, 941 (S.D. Ind. 2001), which Plaintiffs ignore.

equitable relief claim (MTD at 58). Plaintiffs' "pleading in the alternative" argument misses the point, because every claim must state a valid cause of action on its own, and their equitable relief claims do not. *Philips v. Ford Motor Co.*, 726 F. App'x 608, 609 (9th Cir. 2018) (plaintiffs failed to state claim for equitable remedies because they did not plead "the inadequacy of their legal remedies").[20]

C. **Unjust Enrichment** -Plaintiff Chapman's argument that she may plead unjust enrichment in the alternative fails for the reason discussed above. In addition, Chapman does not dispute that there can be no unjust enrichment under GA law where there is a contract relating to the subject matter, and in this case, such a contract is the NVLW applicable to her vehicle (MTD at 54-55). Chapman's argument that the NVLW is unconscionable has no merit for the reasons discussed in Point IV-D, *supra*. *See also In re Ford Tailgate Litig.,* 2014 WL 3899545, at *4 (N.D. Cal. Aug. 8, 2014) (existence of NVLW barred unjust enrichment claim under GA law despite allegation that NVLW's durational limits were unconscionable). Nor does it matter that she has not actually asserted a claim for breach of the NVLW in this action because, as the court explained in *Terrill v. Electrolux Home Prod., Inc.*, 753 F. Supp. 2d 1272, 1291 (S.D. Ga. 2010), when an express warranty exists, it is

---

[20] Plaintiff Rieger's argument that she may seek an injunction "distinct from the legal damages" under the CLRA and UCL (Opp. at 55-56), ignores the independent Article III standing requirement for seeking injunctive relief in federal court.

improper to use an unjust enrichment theory "to expand [its] terms." *Id*. The same reasoning applies even if a breach of the express warranty is not specifically claimed.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendant VWGoA respectfully requests that Plaintiffs' Consolidated Class Action Complaint be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6), and 9(b), together with such other and further relief as the Court deems just and proper.

Dated: February 11, 2022

Respectfully submitted,

HERZFELD & RUBIN, LLC

By:  /s/ Homer B. Ramsey_____
Michael B. Gallub, Esq. (Admitted *Pro Hac Vice*)
*mgallub@herzfeld-rubin.com*
Homer B. Ramsey, Esq.
*hramsey@herzfeld-rubin.com*
354 Eisenhower Parkway
Livingston, New Jersey 07039
Telephone: (973) 535-8840

Attorneys for Defendant Volkswagen
Group of America, Inc.