EXHIBIT A

## CLASS SETTLEMENT AGREEMENT

This Class Settlement Agreement (the "Settlement Agreement" or the "Agreement"), is made and entered into as of this 10th day of October, 2023, by and between (i) Plaintiffs Tom Garden, Carrie Vassel, Karen Burnaugh, Grant Bradley, Clydiene Francis, Ada Gozon and Angeli Gozon, Peter Lowegard, and Patricia Hensley (collectively, "Plaintiffs"), individually and as representatives of the Settlement Class defined below, and Volkswagen Group of America, Inc. ("VWGoA") ("Defendant") (all collectively referred to as the "Parties").

## RECITALS

WHEREAS, on April 30, 2021, Plaintiffs filed a putative class action entitled *Jeni Rieger individually, and on behalf of a class of similarly situated individuals v. Volkswagen Group of America, Inc*., et al., 1:21- cv - 10546 (NLH)(MJS), United States District Court, District of New Jersey, asserting various individual and putative class claims alleging that defects in the pistons and/or piston heads of the putative class vehicles may allegedly result in engine malfunctions and/or excessive oil consumption (hereinafter, "the Action");

WHEREAS, on May 6, 2021, Plaintiffs filed an Amended Complaint (ECF 11), and on July 26, 2021, Plaintiffs filed a Second Amended Class Action Complaint (ECF 36);

WHEREAS, on September 30, 2021, the Court entered an Order consolidating an action entitled *Gonzalez v. Volkswagen Group of America, Inc., et al*., 21-cv-15026 (NLH)(MJS), United States District Court, District of New Jersey, with and into the Action, and directing the filing of a Consolidated Class Action Complaint (ECF 42);

WHEREAS, on October 12, 2021, Plaintiffs filed their Consolidated Class Action Complaint (ECF 45);

WHEREAS, on December 3, 2021, VWGoA filed a motion to dismiss Plaintiffs' Consolidated Class Action Complaint (ECF 53), which, by decision and order dated May 4, 2023 (ECF 66), the Court granted in part and denied in part, with leave to amend;

WHEREAS, on June 2, 2023, Plaintiffs filed a First Amended Consolidated Class Action Complaint (ECF 67);

WHEREAS, VWGoA denies the Plaintiffs' allegations and claims with respect to both liability and damages, and maintains, *inter alia*, that the putative class vehicles function properly and are not defective, that no applicable warranties (express or implied) were breached, that no common law or legal duties or applicable statutes, laws, rules or regulations were violated, that the subject vehicles' components and systems were properly designed, tested, manufactured, distributed, marketed, advertised, warranted, and sold, and that the Action is not suitable for class treatment if it were to proceed through litigation and trial;

WHEREAS, the Parties, after investigation and careful analysis of their respective claims and defenses, and with full understanding of the potential risks, benefits, expense, and uncertainty of continued litigation, desire to compromise and settle all issues and claims that were asserted or could have been asserted in the Action by or on behalf of Plaintiffs and members of the Settlement Class;

WHEREAS, the Parties agree that neither this Settlement Agreement and exhibits, the underlying Settlement itself, nor its negotiations, documents, or any filings relating thereto, shall constitute or be construed as, (i) any admission or evidence of liability, damages, or wrongdoing on the part of Defendant or any Released Party, and/or (ii) the existence or validity of any fact, allegation and/or claim that was or could have been asserted in the Action, all of which are expressly denied by Defendant.

DocuSign Envelope ID: 1CAEE16F-1350-4946-AB79-A555DDDA9510

WHEREAS, this Settlement Agreement is the result of vigorous and extensive arm's length negotiations of highly disputed claims, with adequate knowledge of the facts, issues, and the strengths or weaknesses of the Parties' respective positions, and with the assistance of an experienced neutral Mediator from JAMS; and

WHEREAS, the Settlement is fair, reasonable, and adequate; in all respects satisfies the requirements of Fed. R. Civ. P. 23; and is in the best interests of the Settlement Class;

NOW, THEREFORE, in consideration of the mutual promises and agreements set forth below, the Parties hereby agree as follows:

## I.  DEFINITIONS

### A.  "Action"

"Action" refers to the consolidated putative class action entitled *Jeni Rieger, et al. v. Volkswagen Group of America, Inc., et al.,* No. 1:21-cv-10546 (NLH)(MJS), pending in the United States District Court for the District of New Jersey.

### B.  "Agreement," "Settlement," or "Settlement Agreement"

"Agreement," "Settlement," or "Settlement Agreement" means this Settlement Agreement including all terms, provisions and conditions embodied herein and all attached Exhibits (which are an integral part of, and incorporated by reference in, this Settlement Agreement).

### C.  "Claim Administrator" or "Settlement Administrator"

The "Claim Administrator" or "Settlement Administrator" shall mean JND Legal Administration.

### D.  "Claim" or "Claim for Reimbursement"

"Claim" or "Claim for Reimbursement" means the timely and proper submission of the required fully completed, signed, and dated Claim Form, together with all required Proof of Repair Expense documents (as defined in Section I.S. of this Agreement), in which a Settlement Class

3

Member (as defined in Section I.V. of this Agreement) seeks to claim reimbursement for a percentage of certain past paid and unreimbursed out-of-pocket expenses pursuant to the terms, conditions and limitations set forth in Section II.B. of this Settlement Agreement.

**E.**  **"Claim Form"**

"Claim Form" means the form that must be fully completed, signed, dated, and timely mailed to the Claim Administrator, together with all required Proof of Repair Expense documentation, in order to make a Claim for Reimbursement under the terms of this Settlement Agreement, which Claim Form will be substantially in the form attached hereto as Exhibit 1.

**F.**  **"Claim Period"**

"Claim Period" means the period of time within which a Claim for Reimbursement under this Settlement must be mailed (postmarked) to the Claim Administrator, which period shall expire seventy-five (75) days after the Notice Date.

**G.**  **"Class Counsel" or "Plaintiffs' Counsel"**

"Class Counsel" or "Plaintiffs' Counsel" shall mean Berger Montague PC, Capstone APC, and the Ladah Law Firm.

**H.**  **"Class Notice"**

"Class Notice" means the Class Notice, which will be substantially in the form attached hereto as Exhibit 2.

**I.**  **"Class Notice Plan" or "Notice Plan"**

"Class Notice Plan" or "Notice Plan" means the plan for disseminating the Class Notice to the Settlement Class as set forth in Section IV of this Settlement Agreement, and includes any further notice provisions that may be agreed upon by the Parties.

**J.**  **"Court"**

DocuSign Envelope ID: 1CAFE165-1B50-49AF-AB79-AB55DBDA9510

"Court" means the United States District Court for the District of New Jersey, located in Camden, New Jersey.

**K.      "Defense Counsel"**

"Defense Counsel" means Michael B. Gallub, Esq., Brian T. Carr, Esq. and Homer B. Ramsey, Esq. of Shook, Hardy & Bacon L.L.P.

**L.      "Effective Date"**

"Effective Date" means the third business day after: (1) the Court enters a Final Order and Judgment approving the Settlement Agreement, substantially in the form agreed upon by counsel for the Parties, and (2) all appellate rights with respect to said Final Order and Judgment, other than those related solely to any award of attorneys' fees, costs or service/incentive payments, have expired or been completely exhausted in such a manner as to affirm such Final Order and Judgment.

**M.      "Fee and Expense Application"**

"Fee and Expense Application" means Class Counsel's application for an award of reasonable attorneys' fees, costs, and expenses ("Class Counsel Fees and Expenses"), and for Class Representative service awards.

**N.      "Final Fairness Hearing"**

"Final Fairness Hearing" means the hearing at or after which the Court will determine whether to grant final approval of the Settlement as fair, reasonable, and adequate under Fed. R. Civ. P. 23(e).

**O.      "Final Order and Judgment"**

"Final Order and Judgment" means the Final Order and Judgment granting final approval of this Settlement Agreement and dismissing the Action with prejudice, the form of which will be agreed by the Parties and submitted to the Court prior to the Final Fairness Hearing.

DocuSign Envelope ID: 2CAEE165-1350-4946-AB79-A955DBDA9510

**P.    "In-Service Date"**

"In-Service Date" means the date on which a Settlement Class Vehicle was first delivered to either the original purchaser or the original lessee; or if the vehicle was first placed in service as a "demonstrator" or "company" car, on the date such vehicle was first placed in service.

**Q.    "Notice Date"**

"Notice Date" means the Court-ordered date by which the Claim Administrator shall mail the Class Notice of this Settlement to the Settlement Class, substantially in the form attached hereto as Exhibit 3.  The Notice Date shall be a date that is up to one-hundred (100) days after the Court enters a Preliminary Approval Order.

**R.    "Proof of Adherence to Maintenance Requirements"**

"Proof of Adherence to Maintenance Requirements" means documents or records evidencing the Settlement Class Member's adherence to the oil maintenance aspects of the Settlement Class Vehicle's maintenance schedule set forth in the Warranty and Maintenance Booklet during the time he/she/it owned and/or leased the vehicle up to the date/mileage of the repair or replacement, within a variance of ten percent (10%) of each scheduled time/mileage oil maintenance interval.  If, however, the Settlement Class Member is unable to obtain said documents or records despite a good faith effort to obtain them, the Settlement Class Member may submit a Declaration, signed under penalty of perjury, detailing: (i) the good faith efforts that were made to obtain the records including why the records are not available, and (ii) attesting to adherence to the oil maintenance aspects of the vehicle's maintenance schedule during the time he/she/it owned or leased the vehicle, up to the date/mileage of the replacement/repair, within the ten percent (10%) variance set forth above

DocuSign Envelope ID: 1CAEE16F-1350-40AF-AB79-A955DB0A9510

S.      **"Proof of Repair Expense"**

"Proof of Repair Expense" shall mean all of the following: (1) an original or legible copy of the repair invoice for the subject repair, containing the claimant's name, the make and model and Vehicle Identification Number (VIN) of the Settlement Class Vehicle, the name and address of the dealer or repair shop that performed the repair covered under this Agreement, the date of the covered repair and vehicle mileage at the time of the repair, a description of the repair work including the parts repaired or replaced and a breakdown of parts and labor costs for the covered repair; proof of payment and the amount paid for the covered repair; and, if the person claiming reimbursement is not the person to whom the Claim Form was mailed, proof of ownership or lease of the Settlement Class Vehicle at the time of the covered repair. In addition, if reimbursement is sought for repair of a damaged engine pursuant to Section II.B of this Agreement, then the repair documentation must, in addition to the above information, also show that such damage was directly caused by (i) excessive oil consumption (for reimbursement only for Audi A4, A5, A6, Q5, or Model Year 2012-2014 Audi TT Settlement Class Vehicles) or (ii) a fractured piston (for reimbursement only for Audi A3 or Model Year 2016-2017 Audi TT Settlement Class Vehicles).

T.      **"Released Claims" or "Settled Claims"**

"Released Claims" or "Settled Claims" means any and all claims, causes of action, demands, debts, suits, liabilities, obligations, damages, entitlements, losses, actions, rights of action, costs, expenses, and remedies of any kind, nature and description, whether known or unknown, asserted or unasserted, foreseen or unforeseen, and regardless of any legal or equitable theory, existing now or arising in the future, by Plaintiffs and any and all Settlement Class Members (including their successors, heirs, assigns and representatives) which, in any way, arise from or relate to the Settlement Class Vehicles' pistons (including the piston, piston seals, and related components), rate and/or extent of oil consumption, and/or any engine damage resulting or

claimed to result therefrom, and any other consequences, damage or loss relating thereto, including but not limited to all matters that were asserted or could have been asserted in the Action, and all claims, causes of action, demands, debts, suits, liabilities, obligations, damages, entitlements, losses, actions, rights of action and remedies of any kind, nature and description, arising under any state, federal or local statute, law, rule and/or regulation including any consumer protection, consumer fraud, unfair or deceptive business or trade practices, false or misleading advertising, and/or other sales, marketing, advertising and/or consumer statutes, laws, rules and/or regulations, under any common law cause of action or theory, and under any legal or equitable causes of action or theories whatsoever, and on any basis whatsoever including tort, contract, products liability, express warranty, implied warranty, negligence, fraud, misrepresentation, concealment, false or misleading advertising or marketing, unfair, deceptive and/or inequitable business practice, consumer protection, express or implied covenants, restitution, quasi-contract, unjust enrichment, injunctive relief of any kind and nature, including but not limited to the Magnuson-Moss Warranty Act, each and every federal, state and local consumer protection, consumer fraud, deceptive trade practices, unfair practices and/or related statute, law, rule and regulation in the United States and Puerto Rico, all other or similar federal, state or local statutes, laws, rules or derivations thereof, any state Lemon Laws, secret warranty, and/or any other theory of liability and/or recovery whatsoever, whether in law or in equity, and for any and all injuries, losses, damages, remedies (legal or equitable), costs, recoveries or entitlements of any kind, nature and description, under statutory and/or common law, and including, but not limited to, compensatory damages, economic losses or damages, exemplary damages, punitive damages, statutory damages, statutory penalties or rights, restitution, unjust enrichment, injunctive relief, costs, expenses and/or counsel fees, and any other legal or equitable relief or theory of relief.  This Settlement Agreement expressly

DocuSign Envelope ID: 1CAFE16F-1368-40A5-ABZ0-4B55D9DA9510

exempts claims for personal injuries and property damage (other than for damage to the Settlement Class Vehicle itself).

U. **"Released Parties"**

"Released Parties" means Volkswagen Group of America, Inc., Audi AG, Volkswagen AG, Audi of America LLC, Audi of America, Inc., Volkswagen de México S.A. de C.V., Volkswagen Group of America Chattanooga Operations, LLC, Volkswagen Credit, Inc., all designers, manufacturers, assemblers, distributors, importers, retailers, marketers, advertisers, testers, inspectors, sellers, suppliers, component suppliers, lessors, warrantors, dealers, repairers and servicers of the Settlement Class Vehicles and each of their component parts and systems, all of their past and present directors, officers, shareholders, principals, partners, employees, agents, servants, assigns and representatives, and all of the aforementioned persons' and entities' attorneys, insurers, trustees, vendors, contractors, heirs, executors, administrators, successors, successor companies, parent companies, subsidiary companies, affiliated companies, divisions, trustees and representatives.

V. **"Settlement Class" or "Settlement Class Members"**

"Settlement Class" or "Settlement Class Members" means: "All persons and entities who purchased or leased a Settlement Class Vehicle, as defined in Section I.X. of this Agreement, in the United States of America and Puerto Rico."

Excluded from the Settlement Class are: (a) all Judges who have presided over the Action and their spouses; (b) all current employees, officers, directors, agents and representatives of Defendant, and their family members; (c) any affiliate, parent or subsidiary of Defendant and any entity in which Defendant has a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company that

DocuSign Envelope ID: 1CAFE165-1368-40A5-ABZ0-4B55D9DA9510

acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (h) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of this Agreement, settled with and released Defendant or any Released Parties from any Released Claims, and (j) any Settlement Class Member who files a timely and proper Request for Exclusion from the Settlement Class.

W.      **"Settlement Class Representatives"**

"Settlement Class Representatives" means Tom Garden, Carrie Vassel, Karen Burnaugh, Grant Bradley, Clydiene Francis, Ada and Angeli Gozon, Peter Lowegard and Patricia Hensley.

X.      **"Settlement Class Vehicles"**

Settlement Class Vehicles means certain model year 2012, 2013, and 2014 Audi A4, A5, A6, and Q5 vehicles, model year 2012, 2013, 2014, 2016 and 2017 Audi TT vehicles, and model year 2015, 2016 and 2017 Audi A3 vehicles, that were imported and distributed by VWGoA for sale or lease in the United States or Puerto Rico and are specifically designated by Vehicle Identification Number ("VIN") on Exhibit 4 to this Agreement.

The benefits afforded by this Settlement Agreement differ among certain models/model years of the Settlement Class Vehicles.  Therefore, each Settlement benefit set forth in the Section II below will delineate the particular model/model year of Settlement Class Vehicle(s) to which that benefit applies.

## II.      SETTLEMENT CONSIDERATION

In consideration for the full and complete Release of all Released Claims against the Defendant and all Released Parties, and the dismissal of the Action with prejudice, Defendant VWGoA agrees to provide the following consideration to the Settlement Class:

## A. Warranty Extension for Current Owners and Lessees of Settlement Class Vehicles

Effective on the Notice Date, VWGoA will extend the New Vehicle Limited Warranties (NVLWs) to cover 75% of the cost of repair (parts and labor), by an authorized Audi dealer, of the following during a period of up to nine (9) years or ninety-thousand (90,000) miles (whichever occurs first) from the Settlement Class Vehicle's In-Service Date:

(1) for Audi A4, A5, A6, Q5 and Model Year 2012-2014 Audi TT Settlement Class Vehicles only – a diagnosed condition of excessive oil consumption by an authorized Audi dealer, as confirmed by an authorized Audi dealer's oil consumption test,[1] or

(2) for Audi A3 and Model Year 2016-2017 Audi TT Settlement Class Vehicles only – a diagnosed condition of a fractured piston by an authorized Audi dealer.

As to all Settlement Class Vehicles, the Warranty Extension is conditioned upon the Settlement Class Member providing, to the dealer, Proof of Adherence to Maintenance Requirements.

The Warranty Extension shall also cover a percentage (as set forth in the Sliding Scale below) of the cost of repair (parts and labor), by an authorized Audi dealer, of a diagnosed condition of engine damage which was directly caused by excessive oil consumption (for Audi A4, A5, A6, Q5, and Model Year 2012-2014 Audi TT Settlement Class Vehicles only), or a diagnosed condition of engine damage other than to a piston which was directly caused by a fractured piston (for Audi A3 and Model Year 2016-2017 Audi TT Settlement Class Vehicles only), during the aforesaid period of nine (9) years or ninety-thousand (90,000) miles (whichever

---

[1] If an oil consumption repair is performed under the warranty extension, then the cost of the oil consumption test that led to said repair shall likewise be covered at the same percentage (75%) as provided under the warranty extension.

DocuSign Envelope ID: 1CAFE1E5-1368-40A5-ABZ0-4B55D9DA9510

occurs first) from the applicable Settlement Class Vehicle's In-Service Date, subject to (i) the Proof of Adherence to Maintenance Requirements, and (ii) the following Sliding Scale percentages of coverage which are based upon the age and mileage of the Settlement Class Vehicle at the time of such repair:

| Time from In-Service Date | Less than 50,000 miles | 50,001 to 60,000 miles | 60,001 to 70,000 miles | 70,001 to 90,000 miles |
|---|---|---|---|---|
| 4 years or less | 100% | 70% | 60% | 50% |
| 4-5 years | 70% | 60% | 50% | 40% |
| 5-6 years | 60% | 50% | 40% | 35% |
| 6-7 years | 50% | 40% | 35% | 30% |
| 7-9 years and "Timed-Out" Settlement Class Vehicles within 70-Days after Notice Date | 40% | 35% | 30% | 25% |

The Warranty Extension is subject to the same terms, conditions, and limitations set forth in the Settlement Class Vehicle's original NVLW and Warranty Information Booklet, and shall be fully transferable to subsequent owners to the extent that its time and mileage limitation periods have not expired.

The Warranty Extension shall not cover or apply to excessive oil consumption, piston damage or breakage, or engine damage, resulting from abuse, modification or alteration of parts, absence/lack of sufficient oil maintenance (i.e., absence/lack of oil changes performed with the use of the correct Audi recommended oil and within a 10% variation of each time and mileage oil

maintenance interval), a collision or crash, vandalism and/or other impact, damage from an outside source, and/or lack of or improper maintenance with respect to other items that caused or contributed to the damage or need for repair.

If a Settlement Class Vehicle's Warranty Extension time period from the In-Service Date has already expired as of the Notice Date, then for that Settlement Class Vehicle only, the Warranty Extension time and mileage limitations shall be for a period of up to seventy (70) days after the Notice Date or ninety-thousand (90,000) miles from the Settlement Class Vehicle's In-Service Date (whichever occurs first), subject to the same conditions and limitations set forth above.

**B.      Reimbursement of Certain Past Paid (and Not Reimbursed) Out-Of-Pocket Repair Expense for Repairs Performed Prior to the Notice Date and Within 9 Years or 90,000 Miles (Whichever Occurred First) from the Settlement Class Vehicle's In-Service Date**

**1. <u>Reimbursement</u>**:  Settlement Class Members who timely mail to the Settlement Claim Administrator a Claim for Reimbursement (fully completed, dated and signed Claim Form together with all Proof of Repair Expense and Proof of Adherence to Maintenance Requirements documentation) shall be eligible for 75% reimbursement of the paid (and unreimbursed) cost (parts and labor) of a past repair (limited to one (1) past repair) that was performed on a Settlement Class Vehicle prior to the Notice Date and within nine (9) years or ninety-thousand (90,000) miles (whichever occurred first) from the Settlement Class Vehicle's In-Service Date, to address the following:

(i) <u>for Audi A4, A5, A6, Q5 and Model Year 2012-2014 Audi TT Settlement Class Vehicles only</u> – a diagnosed condition of excessive oil consumption as confirmed by an authorized Audi dealer's oil consumption test, or

(ii) <u>for Audi A3 and Model Year 2016-2017 Audi TT Settlement Class Vehicles only</u> - a diagnosed condition of a fractured piston(s).

DocuSign Envelope ID: 1CAFE16F-1368-40A5-ABZ0-AB55D9DA9510

Reimbursement under this Section shall also include a percentage, determined by the same percentages of coverage set forth in the Sliding Scale above (Section II.A.), of the past paid (and unreimbursed) cost (parts and labor) of repair (limited to one (1) past repair), performed prior to the Notice Date and within nine (9) years or ninety-thousand (90,000) miles (whichever occurred first) from the Settlement Class Vehicle's In-Service Date, of: (1) <u>for Audi A4, A5, A6, Q5 and 2012-2014 Audi TT Settlement Class Vehicles only</u> – engine damage which was diagnosed to be directly caused by excessive oil consumption, or (2) <u>for Audi A3 and 2016-2017 Audi TT Settlement Class Vehicles only</u> - engine damage other than to a piston which was diagnosed to be directly caused by a fractured piston; all of which is subject to the above Proof of Repair Expense and Proof of Adherence to Maintenance Requirements.

If the covered repair for which reimbursement under this Section is sought was not performed by an authorized Audi dealer, then the maximum paid invoice amount to which the applicable reimbursement percentage shall be applied shall not exceed a maximum of: (1) <u>for Audi A4, A5, A6, Q5 and 2012-2014 Audi TT Settlement Class Vehicles only</u> – $3,700 for a past paid (and unreimbursed) repair of a diagnosed condition of excessive oil consumption, and $12,000 for a past paid (and unreimbursed) repair of engine damage which was diagnosed to be directly caused by excessive oil consumption, or (2) <u>for Audi A3 and 2016-2017 Audi TT Settlement Class Vehicles only</u> - $9,000 for a past paid (and unreimbursed) repair of a diagnosed condition of a fractured piston(s), and for a past paid (and unreimbursed) repair of engine damage other than to a piston which was diagnosed to be directly caused by a fractured piston.

Reimbursement under this Section is subject to the Limitations, Conditions and Claim requirements set forth in Sections II.B.2 and II.B.3 below.

DocuSign Envelope ID: 1CAFE16F-1368-40A5-ABZ0-4B55D9DA9510

**2.**  **Limitations and Other Conditions**:

a.      Any reimbursement under Section II.B.1. shall be reduced by goodwill or other amount or concession paid by an authorized Audi dealer, any other entity (including insurers and providers of extended warranties or service contracts), or by any other source. If the Settlement Class Member received a free repair covered under this Agreement, or was otherwise reimbursed the full amount for the covered repair, then he/she/it will not be entitled to any reimbursement.

b.      Defendant shall not be responsible for, and shall not warrant, repair/replacement work performed at any service center or facility that is not an authorized Audi dealer.

c.      Reimbursement under Section II.B.1. shall not apply to excessive oil consumption, piston damage or breakage, or engine damage, resulting from abuse, modification or alteration of parts, absence/lack of sufficient oil maintenance (i.e., absence/lack of oil changes performed with the use of the correct Audi recommended oil and within a 10% variation of each time and mileage oil maintenance interval), a collision or crash, vandalism and/or other impact, damage from an outside source, and/or lack of or improper maintenance with respect to other items that caused or contributed to the damage or need for repair.

d.      If, within the Settlement Class Vehicle's original NVLW time and mileage period, the past paid repair for which reimbursement is sought was performed by a service entity or facility that is not an authorized Audi dealer, then the Settlement Class Member must also submit with his/her/its Claim, in addition to the Proof of Repair Expense and Proof of Adherence to Maintenance Requirements, documentation (such as a written estimate or invoice), or if documents are not available after a good-faith effort to obtain them, a Declaration signed under penalty of perjury, confirming that the Settlement Class Member first attempted to have the said repair performed by an authorized Audi dealer, but the dealer declined or was unable to perform the repair free of charge pursuant to the NVLW.

**3.  Requirements for a Valid and Timely Claim for Reimbursement:**

a.      In order to submit a valid and timely Claim for Reimbursement pursuant to Section II.B. of this Agreement, the Settlement Class Member must mail to the Settlement Claim Administrator, post-marked within the Claim Period (no later than 75-days after the Notice Date), a fully completed, signed and dated Claim Form, together with the required Proof of Repair Expense, Proof of Adherence to Maintenance Requirements, and any other proof set forth in Section II.B. of this Agreement.

b.      If the claimant is not a person to whom the Claim Form was addressed, and/or the vehicle with respect to which a Claim is made is not the vehicle identified by VIN number on the mailed Claim Form, the Claim must contain proof that the claimant is a Settlement Class Member and that the vehicle that is the subject of the Claim is a Settlement Class Vehicle.

c.      The Claim Form and supporting documentation must demonstrate the Settlement Class Member's right to reimbursement, for the amount requested, under the terms and conditions of this Settlement Agreement.

## III.   CLAIMS ADMINISTRATION

### A.      Costs of Administration and Notice

As between the Parties, VWGoA shall be responsible for the Claim Administrator's reasonable costs of class notice and settlement administration.  The Parties retain the right to audit and review the Claims handling by the Claim Administrator, and the Claim Administrator shall report to both parties jointly.

### B.      Claim Administration

1.      Only timely Claims that are complete and which satisfy the Settlement criteria for reimbursement can be approved for payment.  For each approved reimbursement claim, the Claim Administrator, on behalf of VWGoA, shall mail to the Settlement Class Member, at the

DocuSign Envelope ID: 1CAFE16E-1368-40A5-AB70-AB55D9DA9510

address listed on the Claim Form, a reimbursement check to be sent within one hundred fifty (150) days of the date of receipt of the completed Claim, or within one hundred fifty (150) days of the Effective Date, whichever is later.  The reimbursement checks shall remain valid for 180 days. The Settlement Class Member may make one (1) request for reissuance of an expired un-negotiated check from the Claims Administrator within 225 days of its original issuance.

2.  The Claim Administrator's denial of any Claim in whole or in part shall be binding and non-appealable, except that Class Counsel and Defendant's counsel may confer and attempt to resolve in good faith any disputed denial by the Claim Administrator.

3.  If the Claims Administrator initially determines that the Claim Form is incomplete, deficient or otherwise not fully completed, signed and/or dated, and/or that supporting documentation is missing, deficient, or otherwise incomplete, then the Claim Administrator will send the Settlement Class Member a letter or notice by regular mail advising of the deficiency(ies) in the Claim Form and/or the documentation.  The Settlement Class Member will then have until thirty (30) days after the date of said letter/notice to mail a response to the Claim Administrator that cures all said deficiencies and supplies all missing or deficient information and documentation, or the claim will be denied.

4.  If a Claim is denied in whole or in part, either for not meeting the Settlement criteria for reimbursement, or for failure to timely cure any deficiencies or missing or incomplete information/documentation, the Claim Administrator will so notify the Settlement Class Member by sending a letter or notice of the denial by regular mail.  Any Settlement Class Member whose claim is denied shall have fifteen (15) days from the date of the Claim Administrator's letter/notice of denial to request an "attorney review" of the denial, after which time Class Counsel and Defense Counsel shall meet and confer and determine whether said denial, based upon the Claim Form and

documentation previously submitted, was correct under the terms of the Settlement, whether the denial should be modified if it is not correct, and/or whether any disputed issues can amicably be resolved. The Claim Administrator will thereafter advise the Settlement Class Member of the attorney review determination, which shall be binding and not appealable.

## IV.    NOTICE

A.      To Attorneys General:   In compliance with the Attorney General notification provision of the Class Action Fairness Act, 28 U.S.C. § 1715, the Claim Administrator shall provide notice of this proposed Settlement to the Attorney General of the United States, and the Attorneys General of each state in which a known Settlement Class Member resides. The Claim Administrator shall also provide contemporaneous notice to the Parties.

B.      To Settlement Class:   The Claim Administrator shall be responsible for the following Settlement Class Notice Plan:

1.      On an agreed upon date with the Claim Administrator, but in no event more than one-hundred (100) days after entry of the Preliminary Approval Order, the Claim Administrator shall cause individual Class Notice, substantially in the form attached hereto as Exhibit 2, together with the Claim Form, substantially in the form attached hereto as Exhibit 1, to be mailed, by first class mail, to the current or last known addresses of all reasonably identifiable Settlement Class Members.  Defendant VWGoA may format the Class Notice in such a way as to minimize the cost of the mailing, so long as Settlement Class Members can reasonably read it and Class Counsel approves all changes and formatting.  The Claim Administrator shall be responsible for mailing of the Class Notice.

2.      For purposes of identifying Settlement Class Members, the Claim Administrator shall obtain from Polk/IHS Markit or an equivalent company (such as Experian) the

DocuSign Envelope ID: 1CAFE1F5-1368-40A5-AB79-4B55D9DA9510

names and current or last known addresses of Settlement Class Vehicle owners and lessees that can reasonably be obtained, based upon the VINs of Settlement Class Vehicles to be provided by VWGoA.

3.   Prior to mailing the Class Notice, the Claim Administrator shall conduct an address search through the United States Postal Service's National Change of Address database to update the address information for Settlement Class Vehicle owners and lessees.  For each individual Class Notice that is returned as undeliverable, the Claim Administrator shall re-mail all Class Notices where a forwarding address has been provided.  For the remaining undeliverable notice packets where no forwarding address is provided, the Claim Administrator shall perform an advanced address search (e.g., a skip trace) and re-mail any undeliverable to the extent any new and current addresses are located.

4.   The Claim Administrator shall diligently, and/or as reasonably requested by Class Counsel or Defense counsel, report to Class Counsel and Defense counsel the number of individual Class Notices originally mailed to Settlement Class Members, the number of individual Class Notices initially returned as undeliverable, the number of additional individual Class Notices mailed after receipt of a forwarding address, and the number of those additional individual Class Notices returned as undeliverable.

5.   The Claim Administrator shall, upon request, provide Class Counsel and Defense counsel with the names and addresses of all Settlement Class Members to whom the Claim Administrator sent a Class Notice pursuant to this section.

6.   The Claim Administrator shall implement a Settlement website that contains the following information:

(i)   instructions on how to submit a Claim for Reimbursement by mail;

        (ii)    instructions on how to contact the Claim Administrator, Class Counsel and Defense Counsel for assistance;

        (iii)   a copy of the Claim Form, Class Notice and this Settlement Agreement, the Preliminary Approval Order, the motion for Final Approval, the Class Counsel Fee and Expenses Application, and other pertinent orders and documents to be agreed upon by counsel for the Parties; and

        (iv)   the deadlines for any objections, requests for exclusion and mailing of claims, the date, time and location of the final fairness hearing, and any other relevant information agreed upon by counsel for the Parties.

7.    No later than ten (10) days after the Notice Date, the Claim Administrator shall provide an affidavit to Class Counsel and Defense counsel, attesting that the Class Notice was disseminated in a manner consistent with the terms of the Class Notice Plan of this Agreement or those required by the Court and agreed by counsel.

8.    Notification to Authorized Audi dealers: Prior to the Notice Date, VWGoA will advise authorized Audi dealers of the Settlement's Warranty Extension, so that the Warranty Extension may be implemented in accordance with the terms and conditions of this Settlement Agreement.  Defense Counsel will confirm with Class Counsel that VWGoA has notified authorized dealers of the Settlement's Warranty Extension.

## V.   RESPONSE TO NOTICE

### A.   Objection to Settlement

Any Settlement Class Member who intends to object to the fairness of this Settlement Agreement and/or to Class Counsel's Fee and Expense Application must, by the date specified in the Preliminary Approval Order, which date shall be approximately thirty (30) days after the Notice Date, either (i) file any such objection, together with any supporting briefs and/or documents, with the Court either in person at the Clerk's Office of the United States District Court for the District of New Jersey, located at Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, or (ii) file same via the Court's electronic filing system, or

DocuSign Envelope ID: 1CAFE165-1368-40A5-ABZ0-AB55D9DA9510

(iii) if not filed in person or via the Court's electronic system, then, by U.S. first-class mail post-marked within the said 30-day deadline, mail the objection, together with any supporting briefs and/or documents, to the United States District Court for the District of New Jersey, located at Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, and also, by U.S. first-class mail post-marked within said deadline, serve same upon the following counsel for the Parties: Russell D. Paul, Esq., Berger Montague PC, 1818 Market Street, Suite 3600, Philadelphia, PA 19103, on behalf of Plaintiffs, and Michael B. Gallub, Shook, Hardy & Bacon L.L.P., 1 Rockefeller Plaza, Suite 2801, New York, New York 10020, on behalf of Defendant.

1.      Any objecting Settlement Class Member must include with his or her objection:

(a)      the objector's full name, address, and telephone number,

(b)      the model, model year and Vehicle Identification Number of the Settlement Class Vehicle, along with proof that the objector has owned or leased the Settlement Class Vehicle (i.e., a true copy of a vehicle title, registration, or license receipt);

(c)      a written statement of all grounds for the objection accompanied by any legal support for such objection; and

(d)      copies of any papers, briefs, or other documents upon which the objection is based and are pertinent to the objection;

(e)      the name and address of the lawyer(s), if any, who is/are representing the objecting Settlement Class Member in making the objection;

(f)      a statement of whether the objecting Settlement Class Member intends to appear at the Final Approval Hearing, either with or without counsel, and the identity(ies) of any counsel who will appear on behalf of the Settlement Class Member objection at the Final Approval Hearing; and

(g)     a list of all other objections submitted by the objector, and/or the objector's counsel, to any class action settlements in any court in the United States in the previous five (5) years, including the full case name with jurisdiction in which it was filed and the docket number. If the Settlement Class Member and/or his/her/its counsel has not objected to any other class action settlement in the United States in the previous five years, then he/she/it shall affirmatively so state in the objection.

2.     Any Settlement Class Member who has not timely and properly filed an objection in accordance with the deadlines and requirements set forth herein shall be deemed to have waived and relinquished his/her/its right to object to any aspect of the Settlement, or any adjudication or review of the Settlement, by appeal or otherwise.

3.     Subject to the approval of the Court, any timely and properly objecting Settlement Class Member may appear, in person or by counsel, at the Final Fairness Hearing to explain the bases for the objection to final approval of the proposed Settlement and/or to any motion for Class Counsel Fees and Expenses or incentive awards.  In order to appear at the Final Fairness Hearing, the objecting Settlement Class Member must, no later than the objection deadline, file with the Clerk of the Court, and serve upon all counsel designated in the Class Notice, a Notice of Intention to Appear at the Final Fairness Hearing.  The Notice of Intention to Appear must include copies of any papers, exhibits, or other evidence and identity of any witnesses that the objecting Settlement Class Member (or the objecting Settlement Class Member's counsel) intends to present to the Court in connection with the Final Fairness Hearing. Any Settlement Class Member who does not provide a Notice of Intention to Appear in accordance with the deadline and other specifications set forth in the Class Notice, or who has not filed an objection that complies in full with the deadline and other requirements set forth in the Settlement Agreement and Class Notice,

shall be deemed to have waived and relinquished any right to appear, in person or by counsel, at the Final Fairness Hearing.

     **B.**     **Request for Exclusion from the Settlement**

     1.     Any Settlement Class Member who wishes to be excluded from the Settlement Class must timely mail a request for exclusion ("Request for Exclusion") to the Claim Administrator at the address specified in the Class Notice, by the deadline set forth below and specified in the Preliminary Approval Order. To be effective, the Request for Exclusion must be timely mailed to the specified addresses below and:

     (a)     include the Settlement Class Member's full name, address and telephone number;

     (b)     identify the model, model year and VIN of the Settlement Class Vehicle; and

     (c)     specifically and unambiguously state his/her/its desire to be excluded from the Settlement Class.

     2.     Any Request for Exclusion must be postmarked on or before the deadline set by the Court, which date shall be approximately thirty (30) days after the Notice Date, and mailed to all of the following: the Claims Administrator, Russell D. Paul, Esq., Berger Montague PC, 1818 Market Street, Suite 3600, Philadelphia, PA 19103 on behalf of Class Counsel, and Michael B. Gallub, Shook, Hardy & Bacon L.L.P., 1 Rockefeller Plaza, Suite 2801, New York, NY 10020, on behalf of Defense Counsel. Any Settlement Class Member who fails to submit a timely and complete Request for Exclusion mailed to the proper addresses, shall be subject to and bound by this Settlement Agreement, the Release, and every order or judgment entered relating to this Settlement Agreement.

DocuSign Envelope ID: 1CAFE165-1368-40A5-AB70-4B55D9DA9510

3.      Class Counsel and Defense Counsel will review the purported Requests for Exclusion and determine whether they meet the requirements of a valid and timely Request for Exclusion.  Any communications from Settlement Class Members (whether styled as an exclusion request, an objection or a comment) as to which it is not readily apparent whether the Settlement Class Member meant to exclude himself/herself/itself from the Settlement Class will be evaluated jointly by counsel for the Parties, who will make a good faith evaluation, if possible.  Any uncertainties about whether a Settlement Class Member is requesting exclusion from the Settlement Class will be submitted to the Court for resolution.  The Claim Administrator will maintain a database of all Requests for Exclusion, and will send written communications memorializing those Requests for Exclusion to Class Counsel and Defense counsel.  The Claim Administrator shall report the names of all such persons and entities requesting exclusion, and the VINs of the Settlement Class Vehicles owned or leased by the persons and entities requesting exclusion, to the Court, Class Counsel and Defense Counsel at least eighteen (18) days prior to the Final Fairness Hearing, and the list of persons and entities deemed by the Court to have timely and properly excluded themselves from the Settlement Class will be attached as an exhibit to the Final Order and Judgment.

## VI.   WITHDRAWAL FROM SETTLEMENT

**Plaintiffs or Defendant shall have the option to withdraw from this Settlement Agreement, and to render it null and void, if any of the following occurs:**

1.      Any objection to the proposed Settlement is sustained and such objection results in changes to this Agreement that the withdrawing party deems in good faith to be material (e.g., because it increases the costs of the Settlement, alters the Settlement, or deprives the withdrawing party of a material benefit of the Settlement; a mere delay of the approval and/or implementation

DocuSign Envelope ID: 1CAFE1F5-1368-40A5-AB70-4B55D9DA9510

of the Settlement including a delay due to an appeal procedure, if any, shall not be deemed material); or

2.    The preliminary or final approval of this Settlement Agreement is not obtained without modification, and any modification required by the Court for approval is not agreed to by both parties, and the withdrawing party deems any required modification in good faith to be material (e.g., because it increases the cost of the Settlement, alters the Settlement, or deprives the withdrawing party of a benefit of the Settlement; a mere delay of the approval and/or implementation of the Settlement including a delay due to an appeal procedure, if any, shall not be deemed material); or

3.    Entry of the Final Order and Judgment described in this Agreement is vacated by the Court or reversed or substantially modified by an appellate court, except that a reversal or modification of an order awarding reasonable attorneys' fees and expenses, if any, shall not be a basis for withdrawal; or

4.    In addition to the above grounds, the Defendant shall have the option to withdraw from this Settlement Agreement, and to render it null and void, if more than five-percent (5%) of the persons and entities identified as being members of the Settlement Class exclude themselves from the Settlement Class.

5.    To withdraw from this Settlement Agreement under this paragraph, the withdrawing Party must provide written notice to the other Party's counsel and to the Court within ten (10) business days of receipt of any order or notice of the Court modifying, adding or altering any of the material terms or conditions of this Agreement.  In the event either Party withdraws from the Settlement, this Settlement Agreement shall be null and void, shall have no further force and effect with respect to any party in the Action, and shall not be offered in evidence or used in

the Action or any other litigation or proceeding for any purpose, including the existence, certification or maintenance of any purported class.  In the event of such withdrawal, this Settlement Agreement and all negotiations, proceedings, documents prepared and statements made in connection herewith shall be inadmissible as evidence and without prejudice to the Defendant and Plaintiffs, and shall not be deemed or construed to be an admission or confession by any party of any fact, claim, matter or proposition of law, and shall not be used in any manner for any purpose, and all parties to the Action shall stand in the same position as if this Settlement Agreement had not been negotiated, made or filed with the Court.  Upon withdrawal, either party may elect to move the Court to vacate any and all orders entered pursuant to the provisions of this Settlement Agreement.

6.      A change in law, or change of interpretation of present law, that affects this Settlement shall not be grounds for withdrawal from the Settlement.

## VII.    ADMINISTRATIVE OBLIGATIONS

A.      In connection with the administration of the Settlement, the Claim Administrator shall maintain a record of all contacts from Settlement Class Members regarding the Settlement, any Claims submitted pursuant to the Settlement and any responses thereto.  The Claim Administrator, on a monthly basis, shall provide to Class Counsel and Defense Counsel summary information concerning the number of Claims made, number of Claims approved, the number of Claims denied, the number of Claims determined to be deficient, and total dollar amount of payouts on Claims made, such that Class Counsel and Defense Counsel may inspect and monitor the claims process.

B.    Except as otherwise stated in this Agreement, as between the Parties, the reasonable costs of the Claim Administrator in dissemination of the Class Notice and administration of the Settlement pursuant to the terms of this Agreement shall be borne by VWGoA.

## VIII.   SETTLEMENT APPROVAL PROCESS

### A.    Preliminary Approval of Settlement

Promptly after the execution of this Settlement Agreement, Class Counsel shall present this Settlement Agreement to the Court, along with a motion requesting that the Court issue a Preliminary Approval Order substantially in the form attached as Exhibit 3.

### B.    Final Approval of Settlement

1.    If this Settlement Agreement is preliminarily approved by the Court, and pursuant to a schedule set forth in the Preliminary Approval Order or otherwise agreed by the Parties, Class Counsel shall present a motion requesting that the Court grant final approval of the Settlement and issue a Final Order and Judgment directing the entry of judgment pursuant to Fed. R. Civ. P. 54(b) substantially in a form to be agreed by the Parties.

2.    The Parties agree to fully cooperate with each other to accomplish the terms of this Settlement Agreement, including but not limited to, execution of such documents and to take such other action as may reasonably be necessary to implement the terms of this Settlement Agreement. The Parties shall use their best efforts, including all efforts contemplated by this Settlement Agreement and any other efforts that may become necessary by order of the Court, or otherwise, to effectuate this Settlement Agreement and the terms set forth herein.  Such best efforts shall include taking all reasonable steps to secure entry of a Final Order and Judgment, as well as supporting the Settlement and the terms of this Settlement Agreement through any appeal.

C.    **Plaintiffs' Application for Class Counsel Reasonable Fees and Expenses and Class Representative Service Awards**

1.     After the Parties reached an agreement on the material terms of this Settlement, the Parties commenced efforts to negotiate the issue of Class Counsel Fees and Expenses and Class Representative service awards.  As a result of adversarial arm's length negotiations, the Parties hereby agree that Class Counsel may apply to the Court ("Fee and Expense Application") for a combined award of reasonable attorneys' fees, costs and expenses (hereinafter, collectively, "Class Counsel Fees and Expenses") in an amount up to, but not exceeding, the total combined sum of Two Million Two Hundred Thousand Dollars ($2,200,000).  Class Counsel may apply for such an award, up to and not exceeding that total combined sum, on or before thirty (30) days prior to the deadline in the Preliminary Approval Order for objections and/or requests for exclusion, or as otherwise directed by the Court.  Defendant will not oppose a request for Class Counsel Fees and Expenses that does not exceed said total combined and collective sum of up to Two Million Two Hundred Thousand Dollars ($2,200,000), and Class Counsel shall not seek or be awarded, nor shall Class Counsel accept, any amount of Class Counsel Fees and Expenses exceeding said total combined and collective sum.  The award of reasonable Class Counsel Fees and Expenses, to the extent consistent with this Agreement, shall be paid by Defendant as set forth below, and shall not reduce or in any way affect any benefits available to the Settlement Class pursuant to this Agreement.

The Parties also agree that Class Counsel may also apply to the Court for a reasonable Service Award of up to, but not exceeding, Five Thousand Dollars ($5,000) for each of the following named Plaintiffs who are serving as Settlement Class Representatives: Tom Garden, Carrie Vassel, Karen Burnaugh, Grant Bradley, Clydiene Francis, Ada and Angeli Gozon (who will collectively receive a single $5,000 service award), Peter Lowegard, and Patricia Hensley, to

DocuSign Envelope ID: 1CAFE1F5-1368-40A5-AB70-1B55D9DA9510

be paid by Defendant as set forth below.  Defendant will not oppose Plaintiffs' request, made as part of the Fee and Expense Application, for a Service Award of up to and not exceeding the above amount for each of the aforesaid Plaintiff-Settlement Class Representatives.

2.      The Class Counsel Fees and Expenses and Settlement Class Representative Service Awards, to the extent consistent with this Agreement, shall be paid as directed by the Court by wire transfer to Berger Montague PC within thirty (30) days after the later of the Effective Date of the Settlement or the date of entry of the Final Order and Judgment for attorney fees, expenses, and service awards, including final termination or disposition of any appeals relating thereto.  Said payment to Berger Montague PC shall fully satisfy and discharge all obligations of Defendant and the Released Parties with respect to payment of the Class Counsel Fees and Expenses, any attorneys' fees and expenses in connection with this Action, and Settlement Class Representative service awards, and Berger Montague PC shall thereafter have sole responsibility to distribute the appropriate portions of said payment to the other Class Counsel as agreed among them and/or directed by the Court, and to the Settlement Class Representatives.

3.      The procedure for, and the grant, denial, allowance or disallowance by the Court of, the Fee and Expense Application are not part of the Settlement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement.  Any order or proceedings relating solely to the Fee and Expense Application, or any appeal from any order related thereto or reversal or modification thereof, will not operate to terminate or cancel this Settlement Agreement, or affect or delay the Effective Date of the Settlement if it is granted final approval by the Court.  Payment of Class Counsel Fees and Expenses and the Settlement Class Representatives' Service Awards will not reduce the benefits to which Settlement Class Members may be eligible under the Settlement terms, and the Settlement

Class Members will not be required to pay any portion of the Class Counsel Fees and Expenses and Settlement Class Representative Service Awards.

> **D.  Release of Plaintiffs' and Settlement Class Members' Claims**

1.  Upon the Effective Date, the Plaintiffs and each and every Settlement Class Member shall be deemed to have, and by operation of the Final Order and Judgment shall have, fully, completely and forever released, acquitted, and discharged the Defendant and all Released Parties from all Released Claims.

2.  Upon the Effective Date, with respect to the Released Claims, the Plaintiffs and all Settlement Class Members expressly waive and relinquish, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

3.  Upon the Effective Date, the Action will be deemed dismissed with prejudice.

## IX.   MISCELLANEOUS PROVISIONS

> **A.  Effect of Exhibits**

The exhibits to this Agreement are an integral part of the Settlement and are expressly incorporated and made a part of this Agreement.

> **B.  No Admission of Liability**

Neither the fact of, nor any provision contained in this Agreement, nor any action taken hereunder, shall constitute, or be construed as, any admission of the validity of any claim, allegation or fact alleged in the Action or of any wrongdoing, fault, violation of law or liability of any kind and nature on the part of Defendant and the Released Parties, or any admission by Defendant or any Released Parties of any claim or allegation made in any action or proceeding

against them.  The Parties understand and agree that neither this Agreement, any documents prepared and/or filed in connection therewith, nor the negotiations that preceded it, shall be offered or be admissible in evidence against Defendant, the Released Parties, the Plaintiffs or the Settlement Class Members, or cited or referred to in the Action or any action or proceeding, except as needed to enforce the terms of this Agreement, its Release of Claims against the Released Parties, and the Final Approval Order and Judgment herein.

### C.    Entire Agreement

This Agreement represents the entire agreement and understanding among the Parties and supersedes all prior proposals, negotiations, agreements and understandings relating to the subject matter of this Agreement.  The Parties acknowledge, stipulate and agree that no covenant, obligation, condition, representation, warranty, inducement, negotiation or understanding concerning any part or all of the subject matter of this Agreement has been made or relied on except as expressly set forth in this Agreement.  No modification or waiver of any provisions of this Agreement shall in any event be effective unless the same shall be in writing and signed by the person or party against whom enforcement of the Agreement is sought.

### D.    Arm's-Length Negotiations and Good Faith

The Parties have negotiated all of the terms and conditions of this Agreement at arm's-length and in good faith.  All terms, conditions and exhibits in their exact form are material and necessary to this Agreement and have been relied upon by the Parties in entering into this Agreement. In addition, the Parties hereby acknowledge that they have had ample opportunity to, and that they did, confer with counsel of their choice regarding, and before executing, this Agreement, and that this Agreement is fully entered into voluntarily and with no duress whatsoever.

DocuSign Envelope ID: 1CAFE16F-1368-40A5-AB70-4B55D9DA9510

### E.    Continuing Jurisdiction

The Parties agree that the Court may retain continuing and exclusive jurisdiction over them, including all Settlement Class Members, for the purpose of the administration and enforcement of this Agreement.

### F.    Binding Effect of Settlement Agreement

This Agreement shall be binding upon and inure to the benefit of the Parties and their representatives, attorneys, executors, administrators, heirs, successors and assigns.

### G.    Extensions of Time

The Parties may agree upon a reasonable extension of time for deadlines and dates reflected in this Agreement, without further notice (subject to Court approval as to Court dates).

### H.    Service of Notice

Whenever, under the terms of this Agreement, a person is required to provide service or written notice to Defense counsel or Class Counsel, such service or notice shall be directed to the individuals and addresses specified below, unless those individuals or their successors give notice to the other parties in writing, of a successor individual or address:

<u>As to Plaintiffs:</u>   Russell D. Paul, Esq.
          Berger Montague PC
          1818 Market Street, Suite 3600
          Philadelphia, PA 19103

<u>As to Defendant:</u>   Michael B. Gallub, Esq.
          Brian T. Carr, Esq.
          Shook, Hardy & Bacon L.L.P.
          1 Rockefeller Plaza, Suite 2801
          New York, NY 10020

### I.    Authority to Execute Settlement Agreement

Each counsel or other person executing this Agreement or any of its exhibits on behalf of any party hereto warrants that such person has the authority to do so.

**J.      Return of Confidential Materials**

All documents and information designated as "confidential" and produced or exchanged in the Action, shall be returned or destroyed within thirty (30) days after entry of the Final Order and Judgment.

**K.      No Assignment**

The Parties represent and warrant that they have not assigned or transferred, or purported to assign or transfer, to any person or entity, any claim or any portion thereof or interest therein, including, but not limited to, any interest in the litigation or any related action.

**L.      No Third-Party Beneficiaries**

This Agreement shall not be construed to create rights in, or to grant remedies to, or delegate any duty, obligation or undertaking established herein to any third party (other than Settlement Class Members themselves) as a beneficiary of this Agreement.  However, this does not apply to, or in any way limit, any Released Party's right to enforce the Release of Claims set forth in this Agreement.

**M.      Construction**

The determination of the terms and conditions of this Agreement has been by mutual agreement of the Parties.  Each Party participated jointly in the drafting of this Agreement and, therefore, the terms and conditions of this Agreement are not intended to be, and shall not be, construed against any Party by virtue of draftsmanship.

**N.      Captions**

The captions or headings of the sections and paragraphs of this Agreement have been inserted for convenience of reference only and shall have no effect upon the construction or interpretation of any part of this Agreement.

IN WITNESS HEREOF, the Parties have caused this Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the lines below.

ON BEHALF OF PLAINTIFFS:

Dated:   October __9__, 2023

Russell D. Paul
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia PA 19103

Dated:   October __10__, 2023

Tarek H. Zohdy
Cody R. Padgett
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles CA 90067

Dated:   October ___, 2023

Ramzy P. Ladah
Ladah Law Firm
517 S. 3rd Street
Las Vegas NV 89101

Dated:   October ___, 2023          10/7/2023

67D36E62D6FA4A7...

Dated:   October ___, 2023

Carrie Vassel

Dated:   October ___, 2023

Karen Burnaugh

Dated:   October ___, 2023

Grant Bradley

Dated:   October ___, 2023

Clydiene Francis

Dated:   October ___, 2023

Ada and Angeli Gozon

34

DocuSign Envelope ID: 1CAFE16F-1350-40A5-AB70-4B55D9DA9510

IN WITNESS HEREOF, the Parties have caused this Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the lines below.

ON BEHALF OF PLAINTIFFS:

Dated:    October _9_, 2023

Russell D. Paul
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia PA 19103

Dated:    October ___, 2023

Tarek H. Zohdy
Cody R. Padgett
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles CA 90067

Dated:    October _10_, 2023

Ramzy P. Ladah
Ladah Law Firm
517 S. 3rd Street
Las Vegas NV 89101

Dated:    October ___, 2023
10/7/2023

67D36E62D6FA4A7...

Carrie Vassel

Dated:    October ___, 2023

Karen Burnaugh

Dated:    October ___, 2023

Grant Bradley

Dated:    October ___, 2023

Clydiene Francis

Dated:    October ___, 2023

Ada and Angeli Gozon

34

IN WITNESS HEREOF, the Parties have caused this Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the lines below.

<u>ON BEHALF OF PLAINTIFFS:</u>

Dated:   October __, 2023

_____
Russell D. Paul
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia PA 19103

Dated:   October __, 2023

_____
Tarek H. Zohdy
Cody R. Padgett
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles CA 90067

Dated:   October __, 2023

_____
Ramzy P. Ladah
Ladah Law Firm
517 S. 3rd Street
Las Vegas NV 89101

Dated:   October __, 2023
   10/7/2023

_____
Tom Garden

Dated:   October __, 2023

_____
Carrie Vassel

Dated:   October __, 2023

_____
Karen Burnaugh

Dated:   October __, 2023

_____
Grant Bradley

Dated:   October __, 2023

_____
Clydiene Francis

Dated:   October __, 2023

_____
Ada and Angeli Gozon

IN WITNESS HEREOF, the Parties have caused this Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the lines below.


ON BEHALF OF PLAINTIFFS:


Dated:   October __, 2023                    _____
                                             Russell D. Paul
                                             Berger Montague PC
                                             1818 Market Street, Suite 3600
                                             Philadelphia PA 19103

Dated:   October __, 2023                    _____
                                             Tarek H. Zohdy
                                             Cody R. Padgett
                                             Capstone Law APC
                                             1875 Century Park East, Suite 1000
                                             Los Angeles CA 90067

Dated:   October __, 2023                    _____
                                             Ramzy P. Ladah
                                             Ladah Law Firm
                                             517 S. 3rd Street
                                             Las Vegas NV 89101

Dated:   October __, 2023                    _____
                                             Tom Garden
  10/6/2023
Dated:   October __, 2023                    _____
                                             Carrie Vassel

Dated:   October __, 2023                    _____
                                             Karen Burnaugh

Dated:   October __, 2023                    _____
                                             Grant Bradley

Dated:   October __, 2023                    _____
                                             Clydiene Francis

Dated:   October __, 2023                    _____
                                             Ada and Angeli Gozon

IN WITNESS HEREOF, the Parties have caused this Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the lines below.

ON BEHALF OF PLAINTIFFS:

Dated:   October __, 2023

_____
Russell D. Paul
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia PA 19103

Dated:   October __, 2023

_____
Tarek H. Zohdy
Cody R. Padgett
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles CA 90067

Dated:   October __, 2023

_____
Ramzy P. Ladah
Ladah Law Firm
517 S. 3rd Street
Las Vegas NV 89101

Dated:   October __, 2023

_____
Tom Garden

Dated:   October __, 2023

_____
Carrie Vassel

10/6/2023
Dated:   October __, 2023

_____
Karen Burnaugh

Dated:   October __, 2023

_____
Grant Bradley

Dated:   October __, 2023

_____
Clydiene Francis

Dated:   October __, 2023

_____
Ada and Angeli Gozon

34

IN WITNESS HEREOF, the Parties have caused this Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the lines below.

ON BEHALF OF PLAINTIFFS:

Dated:   October __, 2023

_____
Russell D. Paul
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia PA 19103

Dated:   October __, 2023

_____
Tarek H. Zohdy
Cody R. Padgett
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles CA 90067

Dated:   October __, 2023

_____
Ramzy P. Ladah
Ladah Law Firm
517 S. 3rd Street
Las Vegas NV 89101

Dated:   October __, 2023

_____
Tom Garden

Dated:   October __, 2023

_____
Carrie Vassel

Dated:   October __, 2023

_____
Karen Burnaugh

10/6/2023
Dated:   October __, 2023

*GRANT BRADLEY*
_____
Grant Bradley

Dated:   October __, 2023

_____
Clydiene Francis

Dated:   October __, 2023

_____
Ada and Angeli Gozon

IN WITNESS HEREOF, the Parties have caused this Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the lines below.

ON BEHALF OF PLAINTIFFS:

Dated:   October __, 2023

_____
Russell D. Paul
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia PA 19103

Dated:   October __, 2023

_____
Tarek H. Zohdy
Cody R. Padgett
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles CA 90067

Dated:   October __, 2023

_____
Ramzy P. Ladah
Ladah Law Firm
517 S. 3rd Street
Las Vegas NV 89101

Dated:   October __, 2023

_____
Tom Garden

Dated:   October __, 2023

_____
Carrie Vassel

Dated:   October __, 2023

_____
Karen Burnaugh

Dated:   October __, 2023

_____
Grant Bradley

10/9/2023
Dated:   October __, 2023

_____
Clydiene Francis

Dated:   October __, 2023

_____
Ada and Angeli Gozon

34

IN WITNESS HEREOF, the Parties have caused this Agreement to be executed, by their duly authorized attorneys, as of the date(s) indicated on the lines below.

ON BEHALF OF PLAINTIFFS:

Dated:   October __, 2023

_____
Russell D. Paul
Berger Montague PC
1818 Market Street, Suite 3600
Philadelphia PA 19103

Dated:   October __, 2023

_____
Tarek H. Zohdy
Cody R. Padgett
Capstone Law APC
1875 Century Park East, Suite 1000
Los Angeles CA 90067

Dated:   October __, 2023

_____
Ramzy P. Ladah
Ladah Law Firm
517 S. 3rd Street
Las Vegas NV 89101

Dated:   October __, 2023

_____
Tom Garden

Dated:   October __, 2023

_____
Carrie Vassel

Dated:   October __, 2023

_____
Karen Burnaugh

Dated:   October __, 2023

_____
Grant Bradley

Dated:   October __, 2023

_____
Clydiene Francis

10/6/2023
Dated:   October __, 2023

_____
Ada and Angeli Gozon

34

DocuSign Envelope ID: 357E7FFF-8E74-4842-AB49-8E7B46088AC5

10/10/2023
Dated:   October __, 2023

DocuSigned by:

*Peter Lowegard*

Peter Lowegard


Dated:   October __, 2023

Patricia Hensley




ON BEHALF OF DEFENDANT:




Dated:   October __, 2023

Michael B. Gallub
Brian T. Carr
SHOOK, HARDY & BACON L.L.P.
1 Rockefeller Plaza, Suite 2801
New York, New York 10020

35

Dated:   October __, 2023

_____
Peter Lowegard

10/9/2023
Dated:   October __, 2023

_____
Patricia Hensley

ON BEHALF OF DEFENDANT:

Dated:   October __, 2023

_____
Michael B. Gallub
Brian T. Carr
SHOOK, HARDY & BACON L.L.P.
1 Rockefeller Plaza, Suite 2801
New York, New York 10020

Dated:   October __, 2023

_____
Peter Lowegard

Dated:   October __, 2023

_____
Patricia Hensley

<u>ON BEHALF OF DEFENDANT:</u>

Dated:   October 10, 2023

_____
Michael B. Gallub
Brian T. Carr
SHOOK, HARDY & BACON L.L.P.
1 Rockefeller Plaza, Suite 2801
New York, New York 10020