# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JENI RIEGER,** *et al.*, <br><br>　　　　Plaintiffs, <br><br>　　v. <br><br>**VOLKSWAGEN GROUP OF AMERICA, INC.,** a New Jersey corporation, d/b/a **AUDI OF AMERICA, INC.,** <br><br>　　　　Defendant. | Case No. 21–cv–10546–ESK–EAP <br><br><br>ORDER |

**THIS MATTER** having come before the Court on plaintiffs' motion for approval of attorney's fees, expenses, and service awards (ECF No. 90) and plaintiffs' motion for an order granting final approval of the settlement (ECF No. 101); and for the reasons stated in the accompanying opinion,

**IT IS** on this **16th** day of **May 2024** **ORDERED** that:

1.　For the purpose of settlement, the following Settlement Class is certified:

> All persons and entities who purchased or leased, in the United States or Puerto Rico, specific model year 2012, 2013 and 2014 Audi A4, A5, A6 and Q5 vehicles and specific model year 2015, 2016 and 2017 Audi A3 vehicles that are designated individually by Vehicle Identification Number (VIN) in Exhibit 4 to the Settlement Agreement, which were imported and distributed by defendant Volkswagen Group of America, Inc. for sale or lease in the United States and Puerto Rico (hereinafter "Settlement Class").

> Excluded from the Settlement Class are: (a) all judges who have presided over this matter and their spouses; (b) all current employees, officers, directors, agents and representatives of defendant, and their family members; (c) any affiliate, parent or subsidiary of defendants and any entity in which defendant has a controlling interest; (d) anyone acting as a used car dealer; (e) anyone who purchased a

Settlement Class Vehicle for the purpose of commercial resale; (f) anyone who purchased a Settlement Class Vehicle with salvaged title and/or any insurance company who acquired a Settlement Class Vehicle as a result of a total loss; (g) any insurer of a Settlement Class Vehicle; (i) issuers of extended vehicle warranties and service contracts; (i) any Settlement Class Member who, prior to the date of the Settlement Agreement, settled with and released defendant or any Released Parties from any Released Claims; and (j) any Settlement Class Member who filed a timely and proper request for exclusion from the Settlement Class.

2. Final approval of the class settlement, as set forth in the Settlement Agreement and all of its terms and provisions, is GRANTED.

3. The 32 Settlement Class Members who are listed on Exhibit A annexed hereto are excluded from the Settlement Agreement.

4. The request for exclusion of Alexus Holsey is untimely, and therefore invalid, and is DENIED.

5. The objections of Todd Lawlor (ECF No. 104), Matthew Burrows (ECF No. 105), John Milek (ECF No. 106) and Mary Schmotzer (ECF No. 112) are deemed withdrawn.

6. The objections of Paul Nowyj (ECF No. 89), Stephen Joseph Samp (ECF No. 91), Dawn Powell (ECF No. 94), Richard Dominick (ECF Nos. 96 and 98), Elizabeth Lynch (ECF No. 97), Bhathiya Divelgama (ECF No. 109) and the unfiled purported objection of Roger and Kay Helbling (ECF No. 107–1) are overruled.

7. The parties are directed to perform all obligations under the Settlement Agreement in accordance with its terms and provisions.

8. The parties and all Settlement Class Members are hereby bound in all respects by the terms and conditions of the Settlement Agreement, including but not limited to the Released Claims against all Released Parties contained therein, except for the 32 persons identified in Exhibit A who have timely and properly excluded themselves from the Settlement Class.

9. Upon the Effective Date of the Settlement Agreement, plaintiffs and each and every Settlement Class Member shall be deemed to have, and by operation of this order shall have, fully, completely and forever released, acquitted and discharged all Released Parties from all Released Claims as set forth in the Settlement Agreement.

10. Neither the Settlement Agreement, its negotiations, any agreements, documents, submissions and orders relating thereto, nor this order, shall in any way constitute, or be deemed to constitute, any admission by any party as to the merits of any allegation or claim in this action, and shall not constitute a finding of either fact or law as to the merits of any claim or defense that was, or that could have been, asserted in the action, or be deemed, construed to be, or argued as, an admission or evidence of any liability, wrongdoing or responsibility on the part of defendant or any Released Party. This order and the Settlement shall not be offered or be admissible as evidence against defendant, the Released Parties, or plaintiffs, except to enforce the terms of the Settlement Agreement and/or this order.

11. In the event that any provision of the Settlement Agreement or this order is asserted by defendant or any Released Party as a defense (including, without limitation, as a basis for dismissal and/or a stay), in whole or in part, to any claim, suit, action or proceeding in any forum, judicial or otherwise, brought by a Settlement Class Member or any person acting or purporting to act on behalf of any Settlement Class Member(s), that claim, suit, action and/or proceeding shall immediately be stayed and enjoined until this Court or the court or tribunal in which the claim is pending has determined any issues related to such defense or assertion.

12. Without further order of the Court, the parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement and this order and any obligations thereunder.

13. Plaintiffs and each and every Settlement Class Member, and any person or entity acting or purporting to act on behalf of any said Settlement Class Member, is/are hereby permanently barred and enjoined from commencing, instituting, continuing, pursuing, maintaining, or prosecuting any Released Claim against defendant and/or any of the Released Parties (including, without limitation, in any individual, class/putative class, representative or other action or proceeding, directly or indirectly, in any judicial, administrative, arbitral, or other forum). This permanent bar and injunction is necessary to protect and effectuate the Settlement Agreement, this order, and this Court's authority to enforce and effectuate the Settlement Agreement, and is ordered in aid of this Court's jurisdiction and to protect its judgments. However, this provision will not bar any communications with, or compliance with requests or inquiries from, any governmental authorities.

14. This Court retains exclusive jurisdiction, and all Settlement Class Members are hereby deemed to have submitted to the exclusive jurisdiction of this Court, of, over, and with respect to, the consummation, implementation

and enforcement of the Settlement Agreement and its terms, including the release of claims therein, and any suit, action, proceeding (judicial or otherwise) or dispute arising out of or relating to this order, the Settlement Agreement and its terms, or the applicability of the Settlement Agreement, which exclusive jurisdiction includes, without limitation, the Court's power pursuant to the All Writs Act, 28 U.S.C. §1651, or any other applicable law, to enforce the above-described bar and injunction against commencement and prosecution of any Released Claim against defendant or Released Parties.

15. Plaintiffs' motion for approval of attorney's fees, expenses, and service awards (ECF No. 90) is GRANTED. Defendant shall pay the attorney's fees and expenses in the amount of $2,200,000 in the time and manner specified in the Settlement Agreement. Further, service awards in the amount of $5,000 per Class Vehicle to each of the Representatives are GRANTED.

16. The matter is hereby dismissed with prejudice and without costs.

    */s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**